John M. McHugh (*pro hac vice*)
REILLY POZNER LLP
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Phone: (303) 893-6100
Fax: (303) 893-6110
jmchugh@rplaw.com
*Attorney for Plaintiff*
*Eversource Capital, LP*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Eversource Capital, LP, an Idaho limited partnership<br><br>                    Plaintiff,<br>     vs.<br><br>Douglas Elroy Fimrite, et al.<br><br>                    Defendants | Case No. 2:18-cv-02583-SMM<br><br>**PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT** |

Defendants have admitted that Capital made three loans to EFG and have admitted that no repayment has been made. Defendants' apparent belief that they may simply keep the proceeds of the loans indefinitely must fail. The undisputed facts and the controlling law establish that payment on all three loans was due more than three years ago and Defendants' refusal to pay must come to an end. Similarly, the plain language of the Royalty Agreement governing the royalty units held by Capital required Defendants to make "minimum royalty payments" of 25% every year. Defendants have not made a single payment required by the contract. Finally, the counterclaims, premised on the allegation that Capital agreed to "fully fund" the purchase of three airplanes are barred by the Statute of Frauds. Under Rule 56, Plaintiff Eversource Capital, LP ("Capital") respectfully requests the Court enter summary judgment in its favor and against Defendants EFG America, LLC ("EFG"), and Douglas Elroy Fimrite ("Fimrite") and Counterplaintiffs Ocean Sky Finance, Limited ("Ocean Sky") and EF Global Corporation ("EF Global") on certain of Capital's breach of contract claims and both of the counterclaims. In support of this motion and consistent with Rule 56 and LRCiv 56.1(a), Capital contemporaneously submits a separate Statement of Undisputed Material Facts ("SUMF").

1

22050674

**ARGUMENT**

Summary judgment is warranted where "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a breach of contract action, "Plaintiff must establish the existence of a contract, its breach and damages resulting from the breach." *Mammoth Arrowhead I LLC v. Comerica Bank*, 2011 WL 13183230, at *2 (D. Ariz. June 2, 2011). For a loan, the elements of the contract are: agreement, receipt of the proceeds, and failure to repay when due. *See id.*; *Preston Collection Inc. v. Youtsey*, 765 Fed. App'x 190, 191 (9th Cir. 2019) (affirming summary judgment where defendant "failed to raise any genuine dispute of material fact about his indebtedness to plaintiff, or the timeliness of plaintiff's action"). Further, where a purported oral agreement falls within the ambit of the Statute of Frauds, a defendant is entitled to summary judgment. *See, e.g.*, *Best v. Edwards*, 176 P.3d 695, 698-700 (Ariz. App. 2008) (affirming grant of summary judgment on Statute of Frauds).

**I.    Summary Judgment Is Warranted on Defendants Failure to Repay Three Loans**

Capital is entitled to summary judgment based on EFG's and Fimrite's failure to repay three confessed loans when due: (1) the December 2015 loan; (2) the June 3, 2016 Loan; and (3) the June 10, 2016 Loan. ECF No. 143, Ninth Cause of Action.[1]

    A.    <u>EFG and Fimrite Failed to Repay the June 3, 2016 Loan when Due</u>

Payment from "first available funds" means payment of that debt before payment of any other creditors or debts. *See United States v. Key*, 397 U.S. 322, 334 (1970) (Douglas, J., concurring) (because of the statutory seniority of debt owed to the United States, the United States has a "right to be paid out of the first available funds" and before any other creditors); *see also In re Rogers*, 239 B.R. 883, 889 (Bankr. E.D. Tex. 1999) (plan provision that debtor's

---

[1] At this time, Plaintiff seeks summary judgment only as to Defendant EFG and Fimrite on this count. Capital reserves the right to alternatively seek relief for the money owed it under its alternative theories set forth in the complaint and does not waive those arguments or theories by calling the advance of monies loans for purposes of this motion. Further, though Capital anticipates that discovery may reveal additional undisputed facts upon which additional issues may be resolved via summary judgment, Capital believes it most efficient to resolve the issues addressed in this motion at this time and any additional issues at a later time.

lawyers are paid from "first available funds" requires debtor's lawyers to be paid before secured creditors); *In re Goulding Place Developers, Inc.*, 99 B.R. 493, 498 n.13 (Bankr. N.D. Ga. 1989) (plan that provided for repayment of secured creditor before payment of non-secured creditors meant that "payment of [secured creditor's] claim is contemplated from first available funds").

On June 3, 2016, Capital, on the one hand, and Fimrite and EFG, on the other, agreed to a $250,000 loan from Capital. SUMF ¶¶ 8-12. The parties agreed that Capital would receive $60,000 in fees and interest for the loan and that repayment was due "with first available funds after the end of June 2016." SUMF ¶¶ 10.b-d. The loan amount was provided by Capital on June 3, 2016. SUMF ¶ 12. On October 17, 2016, EFG received a loan from a third party of $500,000 to be used "for business purposes of EFG" without any other limitations and contains a merger clause. SUMF ¶¶ 19-20. The funds from the October 17, 2016 third-party loan were not used to repay Capital's June 3, 2016 loan. SUMF ¶ 21. Instead, $250,000 was paid to Defendant Niehaus, Kalas and Hinshaw with the remaining $250,000 transferred to Defendant Sophie Brown. SUMF ¶ 22.

These undisputed facts require summary judgment. The funds received by EFG from the October 17, 2016 loan were "available" funds for repayment of the June 3, 2016 Loan, and, under the parties' agreement, the debt to Capital had to be repaid before any other creditor or debt. *Supra*. The October 17, 2016 third party loan agreement specified that the loan funds could be used "for business purposes of EFG" and did not otherwise limit their use. Repayment of debt is a "business purpose." Further, Defendants admitted that the October 17, 2016 third-party loan was sufficient to repay Capital for the June 3, 2016 Loan. SUMF ¶ 23. Under the parties' explicit agreement, repayment of the June 3, 2016 Loan, plus the $60,000 in interest, was due on October 17, 2016. Defendants' failure to repay the loan at the time was a breach of contract.

B. <u>EFG and Fimrite Failed to Repay the December 2015 Loan and the June 10, 2016 Loan upon Demand</u>

Where a loan is silent as to the due date for repayment, repayment is due upon demand. *Sallaz v. Rice*, 384 P.3d 987, 991 (Idaho 2016) ("The authorities are to the effect that, where no time of payment is specified in a contract for the payment of money, it is payable

22050674

immediately[.]") (quotation marks omitted); *United States v. Vistoso Partners, LLC*, 2012 WL 10172, at *3 (D. Ariz. Jan. 3, 2012) ("Where there is no due date on a loan, however, a debtor is obligated to immediately pay back the full amount of the debt upon the lender's demand."); *Matter of Estate of Musgrove*, 696 P.2d 720, 723 (Ariz. App. 1985) (adopting the "majority position" that where an oral loan agreement is silent as to time of repayment, the loan is "repayable upon demand").

Capital extended a $100,000 loan to EFG on December 2, 2015 (the "December 2015 Loan") and another $50,000 to EFG on June 10, 2016 (the "June 10, 2016 Loan"). SUMF ¶¶ 5, 17. Both loans were made by oral agreement and there is no dispute that the amounts were loans. SUMF ¶¶ 5, 15-17. Fimrite personally guaranteed repayment of the June 10, 2016 Loan. SUMF ¶¶ 15-17. On October 27, 2016, Capital made written demand upon Defendants for repayment of these loans. SUMF ¶ 24. To date, the loans have not been repaid. SUMF ¶ 18. Because Defendants failed to repay these loans when due (upon demand) they have breached the loan agreement and Capital is entitled to summary judgment.

## II. EFG Breached the Terms of the Royalty Units Issued to Capital

Capital is the holder of six EFG Class A Royalty Units – five units issued on October 1, 2015 and one unit issued on June 3, 2016. SUMF ¶¶ 32-33, 37. Each unit is valued at $50,000.00. *Id*. The certificates for Capital's Class A Royalty Units were signed by Fimrite on behalf of EFG. SUMF ¶¶ 32-33. Each Royalty Unit comes with a guaranteed minimum return of 25% per year starting in year one. SUMF ¶¶ 34-36. Payment of this minimum return is due after the end of each calendar year. SUMF ¶ 35. For partial calendar years, the minimum royalty payment is prorated based on a 365-day year. *Id*. Based on these agreements, Capital is owed the following minimum royalty payments ("MRP"):

| Royalty Unit | 2015 MRP | 2016 MRP | 2017 MRP | 2018 MRP | 2019 MRP |
|---|---|---|---|---|---|
| 10/1/15 RUs | $15,753.42 | $62,500 | $62,500 | $62,500 | $62,500 |
| 6/3/16 RU | $0 | $7,260.27 | $12,500 | $12,500 | $12,500 |

Thus, Capital is owed $310,513.69 in minimum royalty payments based on its EFG Class A

22050674

Royalty Units. However, EFG has not made a single minimum royalty payment to Capital. This failure is a breach of the Royalty Agreement.

**III.    Capital Is Entitled to an Award of Prejudgment Interest**

    A.    <u>As the Location of Repayment, Idaho Law Applies to the Loans and Delaware Law Applies to the Royalty Units</u>

As set forth above, there does not appear to be any conflict between the laws of Arizona and Idaho as to the underlying merits of Capital's breach of contract claims on the three loans at issue. Nor is there any conflict as to Capital's entitlement to prejudgment interest under either law. Idaho Code § 28-22-104(1); A.R.S. § 44-1201(A). However, rate of prejudgment interest differs and so a choice of law analysis is necessary. Because the breach of contract claims are state law claims brought based on diversity jurisdiction, the Court applies "Arizona's choice of law provisions" to determine the applicable law. *Cavan v. Maron*, 182 F. Supp. 3d 954, 959 (D. Ariz. 2016). The law of the "state having the most significant relationship to the parties and the transaction" governs. *Id.* (quoting *Cardon v. Cotton Lane Holdings, Inc.*, 841 P.2d 198, 202 (Ariz. 1992) (citing Restatement (Second) of Conflict of Laws ("Restatement") § 188)). The Restatement, however, specifies that a "contract for the repayment of money" is governed "by the local law of the state where the contract requires that payment be made[.]" Restatement § 195. As the Restatement explains, this rule applies because "[r]epayment is the ultimate aim and objective of the contract, and the place where the contract requires that repayment be made will naturally loom large in the minds of the parties." *Id.* cmt b. Under each loan, repayment was required to be made to Capital, which exclusively resides and is incorporated under the laws of Idaho. Therefore, Idaho law governs the loans.

The Royalty Units are governed by Delaware Law. SUMF ¶ 28. Under Delaware Law, prejudgment interest is mandatory for a breach of contract claim. *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 485 (Del. 2011) (Interest "is awarded in Delaware as a matter of right and not of judicial discretion.") (quotation marks omitted) (holding that party was "entitled" to an award of prejudgment interest).

5
22050674

B.  Capital Is Entitled to an Award of Pre- and Post-Judgment Interest

Under Idaho law, unless a written contract fixes a different rate, interest is allowed at 12% per annum on "Money after the same becomes due[,]" "Money lent[,]" and "Money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied." Idaho Code § 28-22-104(1). [2] A plaintiff is entitled to prejudgment interest where the "amount of liability is liquidated or capable of ascertainment by mere mathematical process." *Sainsbury Constr. Co., Inc. v. Quinn*, 47 P.3d 772, 777 (Idaho App. 2002). In this case, the amounts due on the three loans are liquidated and the amount of minimum royalty due is mathematically calculable. *See id*. at 778; *Kelly v. Wagner*, 393 P.3d 566, 572 (Idaho 2017) (damages are liquidated when they are "for definite mathematical amounts"). In Delaware, for non-personal loans, if a contract contains an agreed upon rate of interest, that contract rate controls the rate of prejudgment interest. *Del. Tech. & Comm. College v. Emory Hill & Co.*, 116 A.3d 1243, 2015 WL 4094410, at *5 (Table) (Del. 2011) (Trial court correctly set award of pre- and postjudgment interest at contract rate). The Royalty Units have a "minimum annual return" of 25%. SUMF ¶ 34.

Capital, therefore, is entitled to an award of prejudgment interest on the following amounts which became due on the indicated days :

| Amount Due | Due Date | Rate | Interest Due 1/1/2020 | Daily Interest Accrual |
|---|---|---|---|---|
| $15,753.42 | 1/1/2016 | 25% | 15,753.42 | 10.79 |
| $310,000 | 10/17/2016 | 12% | 119,328.77 | 101.92 |
| $150,000 | 10/27/2016 | 12% | 57,246.58 | 49.32 |
| $69,760.27 | 1/1/2017 | 25% | 52,320.20 | 47.78 |
| $75,000 | 1/1/2018 | 25% | 37,500.00 | 51.37 |
| $75,000 | 1/1/2019 | 25% | 18,750.00 | 51.37 |
| $75,000 | 1/1/2020 | 25% | -0- | 51.37 |

---

[2] Arizona similarly mandates an award of prejudgment interest "on any loan, indebtedness or other obligation" at the rate of 10% per annum. Ariz. Rev. Stat. § 44-1201(A).

1 Capital is also entitled to an award of post-judgment interest under 28 U.S.C.§ 1961(a).

## IV. The Counterclaims Are Barred by the Statute of Frauds

Counterplaintiffs have asserted two state-law causes of action: breach of contract and promissory estoppel. ECF No. 178 at 66-67, ¶¶ 20-29. However, Counterplaintiffs have not provided sufficient information for Capital to conduct a choice-of-law analysis on these counterclaims. While Counterplaintiffs identify that Ocean Sky is "a Hong Kong company" and that EF Global is a "Delaware corporation," (ECF No. 178 at 64, ¶¶ 2-3), they do not identify where either company has its principle place of business (except to deny that it is in Arizona). ECF No. 178 at 6-7, ¶¶ 43, 46; *but see* 28 U.S.C. § 1391(c)(2) (a plaintiff entity resides "only in the judicial district in which it maintains its principle place of business"). Counterplaintiffs do not explain whether Capital was (allegedly) obligated to pay funds to Synergy (a Brazilian company) directly or was to pay Ocean Sky and/or EF Global and, if so, in what state. Except to say that an agreement was made, Counterplaintiffs do not identify where the place of contracting was, whether the contract was negotiated, where the contract was to be performed, or the location of the subject matter of the contract. Restatement § 188. Since Capital cannot identify any other state law that may apply to these counterclaims, no conflict of law is apparent and so Arizona state law would control. Finally, at the time that Counterplaintiffs allege the agreement with Capital was reached, EF Global listed its corporate offices in Mesa, Arizona. ECF No. 189-10.

The Statute of Frauds bars actions to enforce unwritten agreements for a contract to buy or sell goods valued more than $500. A.R.S. § 44-101(4); Idaho Code § 28-2-201(1); Tex. Bus. & Com. Code § 2.201(a). "The statute of frauds is by its terms absolute[.]" *Roe v. Austin*, 433 P.3d 569, 572 (Ariz. Ct. App. 2018). Therefore, where an alleged oral agreement falls within the statutory scope of the Statute of Frauds, the agreement cannot be enforced. *Id.*; *see also Cornucopia Prods., LLC v. Bed, Bath & Beyond, Inc.*, 2014 WL 4793654, at *3 (D. Ariz. Sept. 25, 2014); *Silicon Int'l Ore, LLC v. Monsanto Co.*, 314 P.3d 593, 601-02 (Idaho 2013). The Statute of Frauds also bars promissory estoppel claims premised on an oral agreement that falls within the statute's ambit. *Tiffany Inc. v. W. M. K. Transit Mix, Inc.*, 493 P.2d 1220, 1226 (Ariz. App. 1972) (affirming summary judgment on promissory estoppel claim based on promise to

purchase goods in excess of $500 based on the Statute of Frauds).

The facts alleged by Counterplaintiffs plus the undisputed facts in this case confirm that the counterclaims fall within the Statute of Frauds. On October 6, 2015, Ocean Sky, along with LLFC Corporation and Le Groupe Delta S.A. entered into an agreement to purchase three aircract from Synergy Aerospace. SUMF ¶ 47. The purchase agreement was in writing and Ocean Sky, LLFC and Le Groupe were identified as the "Buyer" of the aircraft. SUMF ¶ 49. The purchase price of each aircraft was $47 million and Ocean Sky, LLFC and Le Groupe were required to provide a 10% deposit within 30 business days of executing the agreement. SUMF ¶¶ 50-51. The first part of that deposit, due on or before October 14, 2015, was for $1.5 million. SUMF ¶¶ 51-52. Counterplaintiffs claim that Capital promised to "fully fund" the purchase the aircraft subject to the Synergy Agreement . SUMF ¶ 39. Counterplaintiffs also appear to claim that Capital only promised to fund the $1.5 million initial deposit on the same planes. SUMF. ¶ 43. Counterplaintiffs claim that Capital provided $800,000 of that initial deposit but then failed to fund the remainder. SUMF ¶ 44. On February 17, 2016, Fimrite emailed LLFC (one of Ocean Sky's co-buyers) and stated:

> please accept this as my authority to pay out [the $800,000 deposited for the Synergy Agreement] to or at the written direction of Ryan McHugh. These funds were advanced to EF Global Corporation pursuant to an intended loan/investment structure in EFG America LLC Class A Royalty Units; that proposed structure has been disrupted and will require restructuring.

SUMF ¶ 56. On March 4, Synergy notified LLFC that the Synergy Agreement was terminated and sued LLFC on March 30 for payment of the $800,000 initial deposit (held in escrow) as well as for the remaining $700,000 due. SUMF ¶¶ 57-58. Counterplaintiffs, LLFC, nor Synergy ever attempted to add Capital as a defendant to the litigation or even inform Capital of the litigation. SUMF. ¶ 60. Capital, on its own inquiry discovered there was litigation nearly four months after the litigation was resolved. SUMF ¶ 60.

As these undisputed facts and Counterplaintiffs' allegations establish, the counterclaims are based exclusively on an alleged agreement for the purchase of goods in excess of $500. Whether Coutnerplaintiffs claim that Capital agreed to singularly fund a $141 million of three

airplanes or to singularly fund the $1.5 million total deposit on each airplane, the alleged agreement upon which Counterplaintiffs base there claims is for the purchase of goods in excess of $500. Under the Statute of Frauds, such an agreement must be in writing to be enforceable. Because there is no written agreement, Capital is entitled to summary judgment on both claims.

## CONCLUSION

Capital respectfully requests the Court enter summary judgment in its favor and (i) against Defendants EFG and Fimrite on Count 9 for their failure to repay three loans in the amount of $460,000.00 plus prejudgment interest and post-judgment interest; (ii) against EFG on Count 12 for its failure to comply with the terms of the Royalty Agreement in the amount of $310,513.69 plus prejudgment interest and post-judgment interest; and (iii) against Counterplaintiffs on both counterclaims.

Dated this 20th day of December, 2019.

Respectfully submitted,

*s/ John M. McHugh*
John M. McHugh (*pro hac vice*)
REILLY POZNER LLP
1700 Lincoln Street, Suite 2400
Denver, CO 80203
(303) 893-6100
jmchugh@rplaw.com

*Attorney for Plaintiff Eversource Capital, LP*

22050674

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2019, I electronically transmitted the attached document to the Clerk of the Court's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Scot A. Hinshaw
NIEHAUS KALAS HINSHAW, LTD.
7150 Granite Circle, Suite 203
Toledo, OH 43617
Phone:  419-517-9090
Fax: 419-517-9091
hinshaw@nwklaw.com

Christopher H. Bayley
Anthony King
SNELL & WILMER L.L.P.
400 E. Van Buren Street
Phoenix, Arizona 85004-2202
Phone:  602-382-6214
cbayley@swlaw.com
aking@swlaw.com

Attorneys for Plaintiffs

/s/ *John M. McHugh*
John M. McHugh

22050674