John M. McHugh (*pro hac vice*)
REILLY POZNER LLP
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Phone: (303) 893-6100
Fax: (303) 893-6110
jmchugh@rplaw.com
*Attorney for Plaintiff*
*Eversource Capital, LP*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eversource Capital, LP, an Idaho limited partnership<br><br>                          Plaintiff,<br>   vs.<br><br>Douglas Elroy Fimrite, et al.<br><br>                          Defendants | Case No. 2:18-cv-02583-PHX-SMM<br><br>**DECLARATION OF RYAN T. MCHUGH IN SUPPORT OF EVERSOURCE CAPITAL, L.P. MOTION FOR SUMMARY JUDGMENT** |

I, Ryan T. McHugh hereby declare pursuant to 28 U.S.C. § 1746:

1. I am the manager of Plaintiff Eversource Capital, LP ("Capital"). I have personal knowledge of the matters set forth in this Declaration.

2. Capital is a limited liability partnership organized under the State of Idaho with its principal place of business in Meridian, Idaho.

3. On May 21, 2015, Elroy Firmrite ("Fimrite") emailed me documents concerning investing in EFG America, LLC ("EFG"). Attached to this email were copies of: (1) EFG's Private Placement Memorandum ("PPM") (including a copy of a Royalty Agreement); (2) EFG's Proforma Royalty ROI; and (3) EFG's Subscription Agreement. A true and correct copy of this email and the attachments thereto is attached as Exhibits 1, 2, 3, and 4.

4. On October 19, 2015, Capital made a $400,000 wire transfer to a bank account, as directed by Fimrite.

5. On October 30, 2015, Capital made the additional $400,000 wire transfer to a bank account, as directed by Fimrite.

6. Capital never agreed orally and never executed a written agreement with Ocean

1

1  Sky, EF Global or anyone regarding the purchase of any aircrafts.

2      7.    Neither Ocean Sky nor EF Global, nor any of their representatives, have ever made demand of Capital, or any of its agents for any additional payments related to the purchase of any aircraft prior to filing the counterclaims.

    8.    On November 18, 2015, I submitted a request via email to Carroll for an EFG Royalty Certificate to be "issued to Eversource Capital LLC[.]" A true and correct copy of this email is attached as Exhibit 5.

    9.    On November 19, 2015, Carroll responded via email, attaching an EFG Subscription Booklet for Entity Investors that contained instructions, a questionnaire, and a Subscription Agreement. A true and correct copy of this email and the attachment are attached as Exhibits 5 and 6.

    10.   On December 2, 2015, Capital loaned EFG $100,000, via an oral agreement (the "December 2015 Loan").

    11.   On February 11, 2016, Carroll sent an email to EFG's vendor, with me cc'ed thereon, directing it to print an "'A' certificate[]" with an issue date of October 1, 2015, to "Eversource Capital LLC Cert A122 FIVE and zero thousandths – (5 Series A Units)[.]" A true and correct copy of this email is attached as Exhibit 7.

    12.   A Series A Royalty Unit Certificate Number A122, with an October 1, 2015 issue date, was subsequently provided to Capital. A true and correct copy of this Certificate is attached as Exhibit 8.

    13.   On June 3, 2016, I, on behalf of Capital, emailed Fimrite and EFG, the terms for an additional $250,000 loan. Capital required agreement by both Fimrite and EFG to these terms. A true and correct copy of this email is attached as Exhibit 9.

    14.   A true and correct copy of the email memorializing Fimrite's acceptance is attached as Exhibit 9.

    15.   In accordance with these terms, Capital provided $250,000 to EFG on June 3, 2016 ("the June 3, 2016 Loan").

    16.   In accordance with the terms of the June 3, 2016 Loan, a Series A Royalty Unit

Certificate Number A151, with an issue date of June 3, 2016, was issued to Capital (the "June 3, 2016 Royalty Unit"). A true and correct copy of this certificate is attached as Exhibit 10.

17. On June 9, 2016, Fimrite contacted me and requested another $50,000 loan to cover payroll needs for EFG.

18. On or about June 10, 2016, Capital wired the requested $50,000 loan to EFG (the "June 10, 2016 Loan").

19. On October 27, 2016, I, on behalf of Capital, called Fimrite and demanded repayment of the December 2015 Loan, the June 3, 2016 Loan, and the June 10 Loan. I also emailed EFG and demanded repayment of the December 2015 Loan and the June 10, 2016 Loan specifically. In the email, I demanded repayment by the close of business on October 28, 2016. A true and correct copy of this email is attached as Exhibit 11.

20. On December 2, 2016, I, on behalf of Capital, emailed EFG and again demanded repayment of the June 3, 2016 Loan. A true and correct copy of this email is attached as Exhibit 12.

21. In December 2016, Capital became aware that the Synergy Agreement was terminated and that Synergy filed a lawsuit for violation of the Synergy Agreement. At no point prior to December 2016, were Capital or any of its agents made aware of these facts.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 20, 2019.

_Ryan T. McHugh_
Ryan T. McHugh

3