# EXHIBIT 4

EFG AMERICA, LLC

SUBSCRIPTION AGREEMENT

THE SECURITIES OFFERED BY EFG AMERICA, LLC HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR ANY STATE SECURITIES LAWS AND ARE SOLD IN RELIANCE UPON THE EXEMPTION PROVIDED IN SECTION 4(2) OF SAID ACT AND RULE 506 OF THE PROVISIONS OF REGULATION D PROMULGATED THEREUNDER. THE SECURITIES CANNOT BE SOLD, TRANSFERRED, ASSIGNED, OR OTHERWISE DISPOSED OF EXCEPT IN COMPLIANCE WITH APPLICABLE FEDERAL AND STATE SECURITIES LAWS.

1. *Subscription.*

(a) Subject to the terms and conditions of this Agreement and the provisions hereof, including defined terms contained in the Private Placement Memorandum dated December 9, 2014 (said Private Placement Memorandum, including all exhibits, and schedules contained therein or attached thereto, and any amendments and supplements thereto, being hereinafter referred to collectively as the "Memorandum"), the Undersigned hereby irrevocably subscribes for and agrees to purchase at a price of $_____per Unit for_____Units of Series "A" Royalty Units (the "Securities") of EFG America, LLC, a Delaware limited liability company (the "Company"). The Undersigned is delivering to the Company herewith (i) the Undersigned's wire transfer, electronic payment, or other paperless transaction information or by cashier's check (collectively the "Payment"), for the account of, or payable to the Company or to the order of "Niehaus Wise & Kalas, Ltd., Escrow Agent" in the amount of $_____, representing the aggregate purchase price of the Securities, and (ii) and this completed and duly executed investor questionnaire, in the form contained in this subscription booklet. If the Payment is provided by wire transfer, it should be sent to the the Company or to the Excrow Agent at the following respective accounts:

| | |
|---|---|
| EFG America LLC | Niehaus Wise & Kalas, Ltd. IOLTA |
| Account No.  207203017 | Account No. 2016145 |
| Routing No.   111000614 | Routing No. 041215621 |
| Swift Code:  CHASUS33 | Swift Code:  SIGTUS31 |
| Chase Bank | Signature Bank, N.A. |
| 23910 Southwest Fwy | 4607 W. Sylvania Ave. |
| Rosenberg TX 77471 | Toledo, OH 43623 |
| (281)232-5630 | (419) 841-7773 |

(b) The Undersigned understands that the aforementioned Payment will be held in escrow by the Company or pursuant to an Escrow Agreement entered into by the Company and Niehaus Wise & Kalas, Ltd. ("Escrow Agent"). Pursuant to the terms of the Memorandum, the proceeds from the sale of the Securities to the Undersigned shall be released upon acceptance of the subscription of the Undersigned. The Undersigned understands that if and to the extent this subscription is not accepted, in whole or in part, any

amount so received will be returned to the Undersigned, including the Undersigned's pro rata share of any income earned on the funds while in the escrow account.

2.   *Acceptance of Subscription.*   The Undersigned acknowledges that the Company reserves the right, in its sole discretion, to accept or reject this subscription, in whole or in part, and that this subscription shall not be binding unless and until accepted by the Company.  The Undersigned agrees that subscriptions need not be accepted in the order that they are received.

3.   *Representations and Warranties.*   The Undersigned hereby represents and warrants to the Company as follows:

(a)   The Undersigned has received and carefully read the Memorandum. The Undersigned recognizes that the Company has a limited financial and operating history and that an investment in the Company involves significant risks, including those set forth under the caption "Risk Factors" in the Memorandum.

(b)   The information contained in the Undersigned's investor questionnaire is true and complete.

(c)   The Undersigned and his/her purchaser representative(s), if any, have been furnished any materials relating to the Company, its business and financial condition, the Offering, and any other matter set forth in the Memorandum which they have requested, and have been afforded the opportunity to ask questions and receive answers concerning the terms and conditions of the Offering and to obtain any additional information which the Company possesses or can acquire without unreasonable effort or expense that is necessary to verify the accuracy of the information set forth in the Memorandum.

(d)   The Company has answered all inquiries that the Undersigned and his/her purchaser representative(s), if any, have made of it concerning the Company, its business and financial condition, or any other matter relating to the operation of the Company and the Offering.  No oral or written statement or inducement which is contrary to the information set forth in the Memorandum has been made by or on behalf of the Company to the Undersigned or his/her purchaser representative(s), if any.

(e)   The Undersigned is an "accredited investor" (as defined in Rule 501 of Regulation D) and the Undersigned meets one of the following suitability standards (check *each* appropriate box):

(i)   ☐   He/She has an individual net worth, or he/she and his/her spouse have a joint net worth, in excess of $1,000,000 excluding primary residence;

(ii)   ☐   He/She had individual income in excess of $200,000 in each of the two most recent years, or joint income with his/her spouse in excess of $300,000 in each of those years, and expects to reach the same income level in the

current year;

(iii) ☐ He/She is a manager or executive officer of the Company;

(iv) ☐ He/She is a broker or dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934;

(f) The Undersigned (i) has adequate means of providing for his/her current needs and possible personal contingencies, (ii) has no need for liquidity in this investment, (iii) is able to bear the economic risks of his/her investment in the Securities, and (iv) at the present time, can afford a complete loss of such investment.

(g) The Undersigned is purchasing the Securities for his/her own account for investment, and not for distribution, assignment or resale to others, and no other person has any direct or indirect beneficial interest in such Securities.

(h) The Undersigned understands that (i) there is and will be no market for the Securities; (ii) the sale of the Securities has not been and will not be registered under the Securities Act of 1933, as amended (the "Securities Act") in reliance on the exemption for non-public offerings provided by Section 4(2) of the Securities Act and Regulation D promulgated thereunder and must be held indefinitely unless the Securities are subsequently registered under the Securities Act or an exemption from such registration is available; (iii) the Company is under no obligation to register the Securities on his/her behalf or to assist him/her in complying with any exemption from registration; and (iv) the Securities may not be sold pursuant to Rule 144 promulgated by the Securities and Exchange Commission pursuant to the Securities Act unless all of the conditions of that Rule are met.

(i) The Undersigned understands that no federal or state agency has passed upon the Securities, or made any finding or determination as to the fairness of the investment or any recommendation or endorsement of the Securities. The Undersigned understands that the Memorandum may not have been filed with or reviewed by certain state securities administrators because of representations made by the Company as to the private or limited nature of the Offering. The Undersigned will not transfer the Securities without registering or qualifying the same under applicable state securities laws unless such transfer is exempt under such laws.

(j) Neither the Undersigned nor his/her purchaser representative(s), if any, have been furnished any offering literature other than the Memorandum and other materials which the Company may have provided at the request of the Undersigned or his/her purchaser representative(s), if any, and the Undersigned and his/her purchaser representative(s), if any, have relied only on the information contained in the Memorandum and the information furnished or made available to the Undersigned and his/her purchaser representative(s), if any, by the Company, as described in subparagraphs (c) and (d) above.

CAPITAL0005432

(k)     The Undersigned has not distributed the Memorandum to any person other than his/her purchaser representative(s), if any, and no person other than the Undersigned and his/her purchaser representative(s), if any, have used the Memorandum.

(l)     The Undersigned is a citizen of the United States of America, is at least 21 years of age, and has the legal capacity to execute, deliver, and perform this Agreement.

(m)     All information which the Undersigned has provided to the Company concerning himself/herself, his/her financial position, and his/her knowledge of financial and business matters, including all information contained herein, including the individual investor questionnaire, is true and complete as of the date set forth at the end hereof, and if there should be any adverse change in such information prior to this subscription being accepted, the Undersigned will immediately provide the Company with accurate and complete information concerning any such change.

(n)     The Undersigned certifies, under penalties of perjury, (i) that the social security number shown on the signature page of this Agreement is true and complete, and (ii) that the Undersigned is not subject to backup withholding either because the Undersigned has not been notified that he/she is subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified the Undersigned that he/she is no longer subject to backup withholding.

4.     *Indemnification*.  The Undersigned agrees to indemnify and hold harmless the Company, its officers, directors, employees, members and affiliates, and any person acting on behalf of the Company, from and against any and all damage, loss, liability, cost, and expense (including attorney fees) which any of them may incur by reason of the failure by the Undersigned to fulfill any of the terms or conditions of this Agreement, or by reason of any breach of the representations and warranties made by the Undersigned herein, in the Undersigned's investor questionnaire, or in any other document provided by the Undersigned to the Company.  All representations, warranties and covenants contained in this Agreement, and the indemnification contained in this paragraph 4, shall survive the acceptance of this subscription.

5.     *Compliance with Section 4(2)*.  The Undersigned understands and agrees that the following restrictions and limitations are applicable to his/her purchase of the Securities which are being sold to him/her in reliance on the exemption from registration contained in Section 4(2) of the Securities Act:

(a)     The Securities may not be sold, pledged, hypothecated or otherwise transferred unless they are registered under the Securities Act and applicable state securities laws or are exempt therefrom.

(b)     A legend to the following effect will be placed on any certificates representing the Securities:

"THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, AND MAY NOT BE SOLD, TRANSFERRED, ASSIGNED, OR HYPOTHECATED IN THE ABSENCE OF ANY EFFECTIVE REGISTRATION STATEMENT AS TO THE SECURITIES UNDER SAID ACT OR AN OPINION OF COUNSEL (WHICH MAY BE COUNSEL TO THE COMPANY) SATISFACTORY TO THE COMPANY TO THE EFFECT THAT SUCH REGISTRATION IS NOT REQURIED."

(c)     Stop transfer instructions to the transfer agent, if any, of the Securities have been or will be placed with respect to the Securities so as to restrict resale, pledge, hypothecation or other transfer thereof, subject to the provisions hereof, including the provisions of the legend referred to in subparagraph (b) above.

6.     *No Waiver.*     Notwithstanding any of the representations, warranties, acknowledgments, or agreements made herein by the Undersigned, the Undersigned does not thereby or in any other manner waive any of the rights granted to him/her under federal or state securities laws.

7.     *Entire Agreement; Modification.*     This Agreement constitutes the entire agreement among the parties hereto with respect to the subject matter hereof, and neither this Agreement nor any provisions hereof shall be waived, changed, discharged, or terminated except by an instrument in writing signed by the party against whom any waiver, change, discharge, or termination is sought.

8.     *Notices.*     Any notice, demand, or other communication which any party hereto may be required, or may elect, to give to anyone interested hereunder shall be sufficiently given if (a) deposited, postage prepaid, in the United States mail, registered or certified mail, addressed to: in the case of the Company, EFG America, LLC, c/o Niehaus Wise & Kalas, Ltd., 7150 Granite Circle, Toledo, Ohio 43617, and in the case of the Undersigned at the address set forth on the signature page hereof or at such other address as the Undersigned shall so notify pursuant hereto, or (b) delivered personally at such address.

9.     *Binding Effect.*     Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors, legal representatives and assigns. If the Undersigned is more than one person, the obligations of the Undersigned shall be joint and several and the agreements, representations, warranties, and acknowledgments herein contained shall be deemed to be made by and be binding upon each such person and his/her respective heirs, executors, administrators, successors, legal representatives, and assigns.

10.     *Assignability.*     The Undersigned agrees not to transfer or assign this Agreement, or any of the Undersigned's interest herein.

11.     *Applicable Law.*     This Agreement shall be governed by and construed in

accordance with the laws of the State of Delaware, without regard to the choice of law provisions thereof.

    12.    *Form of Ownership.* Please indicate form of ownership desired:

        _____ Individual
        _____ Joint tenants with right of survivorship
        _____ Tenants in common
        _____ Community property
        _____ IRA
        _____ Other (specify) _____

    13.    *Titling of Royalty Certificate.* Please indicate how the Units should be titled/registered:

_____
_____
_____
_____

                          \*        \*        \*

CAPITAL0005435

IN WITNESS WHEREOF, the Undersigned has executed this Agreement on the _____ day of _____, 2014.

INDIVIDUAL(S) SIGN HERE

_____   _____
Signature                                                                    Signature (if Joint)


_____   _____
Social Security Number                                            Social Security Number


_____   _____
Printed Name                                                                Printed Name

CAPITAL0005436

JOINDER AGREEMENT

ADDENDUM TO THE
Royalty Agreement and Certificate

ADDITIONAL INVESTOR SIGNATURE PAGE

**IN WITNESS WHEREOF**, pursuant to the Royalty Agreement and Certificate dated on or about December 9, 2014, in consideration of and as a condition to the undersigned's acquiring an Investor Royalty Percentage Interest, the undersigned hereby executes and enters into this Addendum to the Royalty Agreement and Certificate as an additional Investor, as of the effective date of the undersigned's acquisition of the Investor Royalty Percentage Interest as that term is defined under the Royalty Agreement and Certificate.

By execution of this signature page and on such effective date, the undersigned becomes a party to the Royalty Agreement and Certificate and agrees to be bound in all respects by the terms and conditions of this Royalty Agreement and Certificate on such effective date.

Date Signed:_____

_____
Signature

_____
Print Name

CAPITAL0005437

**Acceptance of Subscription Agreement**

    The undersigned, on behalf of EFG AMERICA, LLC, herenow accepts this Subscription Agreement in reliance upon the terms contained herein and in reliance upon the representations made by the above subscriber. This Subscription Agreement is accepted and became binding upon the Company on the date of execution of the Company as indicated below.

Date:_____  EFG America, LLC


By:_____

Its:_____