# EXHIBIT 6

*Subscription Booklet for Entity Investor*

# EFG AMERICA, LLC

## SUBSCRIPTION BOOKLET

Instructions to Entity Investors
Entity Investor Questionnaire
Subscription Agreement

CAPITAL0005862

# INSTRUCTIONS TO ENTITY INVESTORS

This Subscription Booklet is provided to you by EFG America, LLC, a Delaware limited liability company (the "Company"), for the purpose of obtaining information about you, the Investor, and to further provide you with a Subscription Agreement for the purpose of purchasing securities of the Company.

AFTER YOU HAVE CAREFULLY REVIEWED THE CONFIDENTIAL PRIVATE PLACEMENT MEMORANDUM AND DECIDED TO SUBSCRIBE FOR AND PURCHASE SECURITIES OF THE COMPANY, PLEASE OBSERVE THE FOLLOWING INSTRUCTIONS:

**Purchase Procedure**

**Item A.        Entity Investor Questionnaire**

Included in this Subscription Booklet is an Entity Investor Questionnaire. Complete the questionnaire in full and sign and date the questionnaire.

The purpose of the Entity Investor Questionnaire is to provide information as to the suitability of potential Investors pursuant to the requirements of Section 4(2) of the Securities Act of 1933 (the "Act") and Rule 506 of Regulation D promulgated thereunder and applicable state securities laws. It is understood that the information provided is confidential and will not be reviewed by anyone other than the Company and its counsel and consultants. Any purchaser may be required to furnish additional information in connection with any proposed purchase.

**Item B.        Declaration of Purchaser Representative and Disclosure by Purchaser Representative and Acknowledgment by Investor**

These documents will be provided to the Investor by the Company upon request.

**Item C.        Subscription Agreement**

Read the Subscription Agreement in its entirety and make the representations contained therein and agree to its terms by executing and dating the signature page and providing the additional information required.

Please deliver the completed subscription documents in their entirety to EFG America, LLC, c/o Niehaus & Associates, Ltd., Escrow Agent, at 7150 Granite Circle, Suite 203, Toledo, Ohio 43617. In connection with the delivery of the subscription documents, wire transfer information, a cashier's check, money order, other electronic form of payment, or a check, made payable to "Niehaus & Associates, Ltd., Escrow Agent" must be delivered to the Escrow Agent. If by wire transfer, funds should be directed to:

Niehaus & Associates, Ltd. IOLTA
Account No. 2016145
Routing No. 041215621
Swift Code: SIGTUS31
Signature Bank, N.A.
4607 W. Sylvania Ave.
Toledo, OH 43623
(419) 841-7773

ALL INFORMATION SUPPLIED IN THE SUBSCRIPTION DOCUMENTS SHOULD BE TYPED OR PRINTED IN INK.

## EFG America, LLC

## CONFIDENTIAL ENTITY INVESTOR QUESTIONNAIRE

EFG America, LLC
c/o Niehaus & Associates, Ltd.
7150 Granite Circle, Suite 203
Toledo, Ohio 43617

To whom it may concern:

The following information is furnished to you in order for you to determine whether the Undersigned will be a qualified purchaser of Securities (the "Securities") of EFG America, LLC, a Delaware limited liability company (the "Company"), pursuant to Section 4(2) of the Securities Act of 1933, as amended (the "Act"), and Regulation D promulgated thereunder ("Regulation D"). I understand that you will rely upon the following information for purposes of such determination and that the Securities will not be registered under the Act in reliance upon the exemption from registration provided by Section 4(2) of the Act and Regulation D.

ALL INFORMATION CONTAINED IN THIS QUESTIONNAIRE WILL BE TREATED CONFIDENTIALLY. However, I understand and agree that you may disclose this Questionnaire to such parties as you deem appropriate if called upon to establish that the proposed offer and sale of the Securities is exempt from registration under the Act or meets the requirements of applicable state securities laws.

The Undersigned understands that this Questionnaire is merely a request for information and is not an offer to sell or a solicitation of an offer to buy or a sale of the Securities and that no sale will occur prior to the acceptance of the Undersigned's subscription by the Company. The Undersigned also understands that it may be required to furnish additional information.

_____
Printed Name of Entity

By:_____

_____
Printed Name and Title

*Entity Questionnaire*

**CONFIDENTIAL**

1. Name of Purchaser _____

2. Mailing Address_____
   _____

3. Federal Identification Number of Purchaser_____

4. Type of entity (please check appropriate box):

   a. ☐ corporation

   b. ☐ partnership

   c. ☐ limited liability company

   d. ☐ trust

   e. ☐ bank or savings and loan association

   f. ☐ broker or dealer

   g. ☐ insurance company

   h. ☐ investment company registered under the Investment Company Act of 1940 or a business development company as defined in that Act

   i. ☐ small business investment company licensed by the U.S. Small Business Administration

   j. ☐ plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees ("Government Employee Plan")

   k. ☐ organization described in Section 501(c)(3) of the Internal Revenue Code ("Charitable Organization")

   l. ☐ employee benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA Plan")

   m. ☐ other (please describe):_____

5.  If Purchaser is a **corporation, partnership, limited liability company, trust or charitable organization**, please answer the following questions:

    a.  Was such entity formed for the specific purpose of acquiring the Securities?

    ☐ Yes   ☐ No

    b.  If the answer to question 5(a) above is "Yes", please list below the names and addresses of the holders of all beneficial interests of such entity:

    _____

    _____

    _____

    _____

    _____

6.  If Purchaser is a **corporation, partnership, limited liability company, trust, Government Employee Plan, Charitable Organization, or ERISA Plan**, does such entity possess total assets in excess of $5,000,000?

    ☐ Yes   ☐ No

7.  If Purchaser is an **ERISA Plan**, please answer the following questions:

    a.  Has the decision to purchase the Securities been made by a plan fiduciary which is either a bank, savings and loan association, insurance company, or a registered investment advisor?

    ☐ Yes   ☐ No

    b.  Is the ERISA Plan a "self-directed" plan?

    ☐ Yes   ☐ No

CAPITAL0005867

    c.    If the ERISA Plan is a "self-directed" plan, are investment decisions made solely by (please check one or both of the following statements):

        i.    ☐    a natural person whose individual net worth, or joint net worth with that person's spouse, exceeds $1,000,000; and/or

        ii.    ☐    a natural person who had an individual income in excess of $200,000 in each of the two most recent years, or joint income with that person's spouse in excess of $300,000 in each of those years, and has a reasonable expectation of reaching the same income level in the current year.

8.    State of organization of entity _____

9.    Date of organization of entity _____

I represent that to the best of my knowledge and belief, the above information supplied by me is true and correct in all respects, and I am aware and intend that the Company may rely upon such information to determine the entity's suitability as an Investor in the Securities of the Company.

Date:_____, 2014.

                                                  _____
                                                 Printed Name of Entity

                                                 By:_____

                                                 _____
                                               Printed Name and Title

**EXECUTION OF THIS DOCUMENT ALONE DOES NOT BIND THE INVESTOR TO PURCHASE SECURITIES OF THE COMPANY.**

CAPITAL0005868

## EFG America, LLC

## SUBSCRIPTION AGREEMENT

THE SECURITIES OFFERED BY EFG AMERICA, LLC HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR ANY STATE SECURITIES LAWS AND ARE SOLD IN RELIANCE UPON THE EXEMPTION PROVIDED IN SECTION 4(2) OF SAID ACT AND RULE 506 OF THE PROVISIONS OF REGULATION D PROMULGATED THEREUNDER. THE SECURITIES CANNOT BE SOLD, TRANSFERRED, ASSIGNED, OR OTHERWISE DISPOSED OF EXCEPT IN COMPLIANCE WITH APPLICABLE FEDERAL AND STATE SECURITIES LAWS.

1.  *Subscription.*

(a) Subject to the terms and conditions of this Agreement and the provisions hereof, including defined terms contained in the Private Placement Memorandum dated September 1, 2014 (said Private Placement Memorandum, including all exhibits, and schedules contained therein or attached thereto, and any amendments and supplements thereto, being hereinafter referred to collectively as the "Memorandum"), the Undersigned hereby irrevocably subscribes for and agrees to purchase at a price of $50,000 per Unit, _____ Series A Units (the "Securities") of EFG America, LLC, a Delaware limited liability company (the "Company"). The Undersigned is delivering to the Company herewith (i) the Undersigned's wire transfer, electronic payment, or other paperless transaction information, cashier's check, money order, or check (collectively, the "Payment"), for the account of, or payable to the order of "Niehaus & Associates, Ltd., Escrow Agent" in the amount of $_____, representing the aggregate purchase price of the Securities, and (ii) a completed and duly executed Investor Questionnaire, in the form contained in the Subscription Booklet. If the Payment is provided by wire transfer, it should be sent to the following account:

> Niehaus & Associates, Ltd. IOLTA
> Account No. 2016145
> Routing No. 041215621
> Swift Code: SIGTUS31
> Signature Bank, N.A.
> 4607 W. Sylvania Ave.
> Toledo, OH 43623
> (419) 841-7773

(b) The Undersigned understands that the aforementioned Payment will be held in escrow pursuant to an Escrow Agreement entered into by the Company and Niehaus & Associates, Ltd ("Escrow Agent"). Such Escrow Agreement provides, consistent with the Memorandum, that the proceeds of the offering of securities are available for release immediately at the discretion of the Company. The Undersigned understands that if and to the extent this subscription is not accepted, in whole or in part,

any amount so received will be returned to the Undersigned.

2.      *Acceptance of Subscription.*  The Undersigned acknowledges that the Company reserves the right, in its sole discretion, to accept or reject this subscription, in whole or in part, and that this subscription shall not be binding unless and until accepted by the Company.  The Undersigned agrees that subscriptions need not be accepted in the order that they are received.

3.      *Representations and Warranties.*  The Undersigned hereby represents and warrants to the Company as follows:

(a)     The Undersigned has received and carefully read the Memorandum. The Undersigned recognizes that the Company has a limited financial and operating history and that an investment in the Company involves significant risks, including those set forth under the caption "Risk Factors" in the Memorandum.

(b)     The information contained in the Undersigned's Investor Questionnaire is true and complete.

(c)     The Undersigned has been furnished any materials relating to the Company, its business and financial condition, the Offering, and any other matter set forth in the Memorandum which they have requested, and have been afforded the opportunity to ask questions and receive answers concerning the terms and conditions of the Offering and to obtain any additional information which the Company possesses or can acquire without reasonable effort or expense that is necessary to verify the accuracy of the information set forth in the Memorandum.

(d)     The Company has answered all inquiries that the Undersigned has made of it concerning the Company, its business and financial condition, or any other matter relating to the operation of the Company and the Offering.  No oral or written statement or inducement which is contrary to the information set forth in the Memorandum has been made by or on behalf of the Company to the Undersigned.

(e)     The Undersigned is an "accredited investor" (as defined in Rule 501 of Regulation D) and the Undersigned meets one of the following suitability standards (check *each* appropriate box):

(i)     ☐    It is a corporation, business trust or partnership not formed for the specific purpose of acquiring the Securities, with total assets of greater than $5,000,000;

(ii)    ☐    It is an entity in which all of the equity owners are accredited investors;

(iii)   ☐    It is a trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the Securities, whose purchase is directed by a sophisticated person who has such knowledge and experience in

financial and business matters that he/she is capable of evaluating the merits and risks of an investment in the Securities;

(iv) ☐ It is an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 and either (a) ☐ the investment decision is made by a plan fiduciary, as defined in Section 3(21) of such Act, which is either a bank, savings and loan association, insurance company, or registered investment advisor; (b) ☐ the employee benefit plan has total assets in excess of $5,000,000; or (c) ☐ it is a self-directed plan, with investment decisions made solely by persons that are accredited investors;

(v) ☐ It is a plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees and such plan has total assets in excess of $5,000,000.

(vi) ☐ It is an investment company registered under the Investment Company Act of 1940 or a business development company as defined in Section 2(a)(48) of that Act;

(vii) ☐ It is a Small Business Investment Company licensed by the U.S. Small Business Administration;

OR

(viii) ☐ It is a bank, savings and loan association, or insurance company as defined in the Securities Act of 1933;

(f) The Undersigned (i) has adequate means of providing for its current needs and possible personal contingencies, (ii) has no need for liquidity in this investment, (iii) is able to bear the economic risks of its investment in the Securities, and (iv) at the present time, can afford a complete loss of such investment.

(g) The Undersigned is purchasing the Securities for its own account for investment, and not for distribution, assignment or resale to others, and no other person has any direct or indirect beneficial interest in such Securities.

(h) The Undersigned understands that (i) there is and will be no market for the Securities; (ii) the sale of the Securities has not been and will not be registered under the Securities Act of 1933, as amended (the "Securities Act") in reliance on the exemption for non-public offerings provided by Section 4(2) of the Securities Act and Regulation D promulgated thereunder and must be held indefinitely unless the Securities are subsequently registered under the Securities Act or an exemption from such registration is available; (iii) the Company is under no obligation to register the Securities on its behalf or to assist it in complying with any exemption from registration; and (iv) the Securities may not be sold pursuant to Rule 144 promulgated by the Securities and Exchange Commission pursuant to the Securities Act unless all of the conditions of that Rule are met.

CAPITAL0005871

(i) The Undersigned understands that no federal or state agency has passed upon the Securities, or made any finding or determination as to the fairness of the investment, or any recommendation or endorsement of the Securities. The Undersigned understands that the Memorandum may not have been filed with or reviewed by certain state securities administrators because of representations made by the Company as to the private or limited nature of the Offering. The Undersigned will not transfer the Securities without registering or qualifying the same under applicable state securities laws unless such transfer is exempt under such laws.

(j) The Undersigned has not been furnished any offering literature other than the Memorandum and other materials which the Company may have provided at the request of the Undersigned, and the Undersigned has relied only on the information contained in the Memorandum and the information furnished or made available to the Undersigned by the Company, as described in subparagraphs (c) and (d) above.

(k) The Undersigned has not distributed the Memorandum to any person, and no person other than the Undersigned has used the Memorandum.

(l) The Undersigned is organized under the laws of a state of the United States, and is authorized and otherwise duly qualified to purchase and hold the Securities, and such entity has its principal place of business at the address set forth on the signature page hereof.

(m) All information which the Undersigned has provided to the Company concerning the knowledge of financial and business matters of the person making the investment decision on behalf of such entity, including all information contained herein and in the accompanying Investor Questionnaire, is true and complete as of the date set forth at the end hereof, and if there should be any adverse change in such information prior to this subscription being accepted, the Undersigned will immediately provide the Company with accurate and complete information concerning any such change.

(n) The Undersigned certifies, under penalties of perjury, (i) that the federal taxpayer identification number shown on the signature page of this Agreement is true and complete, and (ii) that the Undersigned is not subject to backup withholding either because the Undersigned has not been notified that it is subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified the Undersigned that it is no longer subject to backup withholding.

CAPITAL0005872

4.  *Indemnification.*  The Undersigned agrees to indemnify and hold harmless the Company, its officers, directors, employees, members and affiliates, and any person acting on behalf of the Company, from and against any and all damage, loss, liability, cost, and expense (including attorney fees) which any of them may incur by reason of the failure by the Undersigned to fulfill any of the terms or conditions of this Agreement, or by reason of any breach of the representations and warranties made by the Undersigned herein, in the Undersigned's Investor Questionnaire, or in any other document provided by the Undersigned to the Company.  All representations, warranties and covenants contained in this Agreement, and the indemnification contained in this paragraph 4, shall survive the acceptance of this subscription.

5.  *Compliance with Section 4(2).*  The Undersigned understands and agrees that the following restrictions and limitations are applicable to its purchase of the Securities which are being sold to him/her in reliance on the exemption from registration contained in Section 4(2) of the Securities Act:

(a)  The Securities may not be sold, pledged, hypothecated or otherwise transferred unless they are registered under the Securities Act and applicable state securities laws or are exempt therefrom.

(b)  A legend to the following effect will be placed on any certificates representing the Securities:

"THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, AND MAY NOT BE SOLD, TRANSFERRED, ASSIGNED, OR HYPOTHECATED IN THE ABSENCE OF ANY EFFECTIVE REGISTRATION STATEMENT AS TO THE SECURITIES UNDER SAID ACT OR AN OPINION OF COUNSEL (WHICH MAY BE COUNSEL TO THE COMPANY) SATISFACTORY TO THE COMPANY TO THE EFFECT THAT SUCH REGISTRATION IS NOT REQURIED."

(c)  Stop transfer instructions to the transfer agent, if any, of the Securities have been or will be placed with respect to the Securities so as to restrict resale, pledge, hypothecation or other transfer thereof, subject to the provisions hereof, including the provisions of the legend referred to in subparagraph (b) above.

6.  *No Waiver.*  Notwithstanding any of the representations, warranties, acknowledgements, or agreements made herein by the Undersigned, the Undersigned does not thereby or in any other manner waive any of the rights granted to him under federal or state securities laws.

7.  *Entire Agreement; Modification.*  This Agreement constitutes the entire agreement among the parties hereto with respect to the subject matter hereof, and neither this Agreement nor any provisions hereof shall be waived, changed, discharged, or

terminated except by an instrument in writing signed by the party against whom any waiver, change, discharge, or termination is sought.

8.  *Notices*.  Any notice, demand, or other communication which any party hereto may be required, or may elect, to give to anyone interested hereunder shall be sufficiently given if (a) deposited, postage prepaid, in the United States mail, registered or certified mail, addressed to: in the case of the Company, EFG America, LLC, c/o Niehaus & Associates, Ltd., 7150 Granite Circle, Toledo, Ohio 43617, and in the case of the Undersigned at the address set forth on the signature page hereof or at such other address as the Undersigned shall so notify pursuant hereto, or (b) delivered personally at such address.

9.  *Binding Effect*.  Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors, legal representatives and assigns.  If the Undersigned is more than one person, the obligations of the Undersigned shall be joint and several and the agreements, representations, warranties, and acknowledgements herein contained shall be deemed to be made by and be binding upon each such person and its respective heirs, executors, administrators, successors, legal representatives, and assigns.

10. *Assignability*.  The Undersigned agrees not to transfer or assign this Agreement, or any of the Undersigned's interest herein.

11. *Applicable Law*.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the choice of law provisions thereof.

12. *Form of Ownership*.  Please indicate form of ownership desired:

_____ Corporation
_____ Partnership
_____ Trust
_____ Other (specify) _____

\*   \*   \*

CAPITAL0005874

IN WITNESS WHEREOF, the Undersigned has executed this Agreement on the _____day of _____, 2014.

ORGANIZATIONS SIGN HERE

NOTE:   If signed on behalf of a corporation,
Please attach resolution authorizing investment.
A copy of the organization's Articles of Incorporation
and By-Laws, Partnership Agreement, Declaration
of Trust, or other governing instrument must be
submitted with the Purchaser Questionnaire.

_____
Printed Name of Organization

By _____
Signature

_____
Printed Name and Title

By _____
(Additional signature if required by governing instrument)

_____
Printed Name and Title

_____
Federal Taxpayer Identification Number

Address of Principal Place of Business:

_____

_____

_____

# JOINDER AGREEMENT

## ADDENDUM TO THE
### Royalty Agreement and Certificate

### ADDITIONAL INVESTOR SIGNATURE PAGE

**IN WITNESS WHEREOF**, pursuant to the Royalty Agreement and Certificate dated on or about September 1, 2014, in consideration of and as a condition to the undersigned's acquiring an Investor Royalty Percentage Interest, the undersigned hereby executes and enters into this Addendum to the Royalty Agreement and Certificate as an additional Investor, as of the effective date of the undersigned's acquisition of the Investor Royalty Percentage Interest as that term is defined under the Royalty Agreement and Certificate.

By execution of this signature page and on such effective date, the undersigned becomes a party to the Royalty Agreement and Certificate and agrees to be bound in all respects by the terms and conditions of this Royalty Agreement and Certificate on such effective date.

Date Signed:_____

[insert entity name]

By:_____

_____
Print Name

CAPITAL0005876

**Acceptance of Subscription Agreement**

    The undersigned, on behalf of EFG America, LLC, herenow accepts this Subscription Agreement in reliance upon the terms contained herein and in reliance upon the representations made by the above subscriber. This Subscription Agreement is accepted and became binding upon the Company on the date of execution of the Company as indicated below.

Date:_____       EFG America, LLC

By:_____
    Douglas Elroy Fimrite

Its:_____

CAPITAL0005877