**EXHIBIT 22**

| | |
|---|---|
| **From:** | Scot Hinshaw |
| **To:** | McHugh, John |
| **Cc:** | Daniel J. Brown |
| **Subject:** | Eversource Discovery Conferral |
| **Date:** | Wednesday, February 06, 2019 2:32:53 PM |

John,

Based on our discovery conferral last Wednesday, here is my clients' position. First, as to the other Fimrite Entities, we will provide responses on their behalf (with the exception of DFG Global AG) where indicated below and not otherwise objected to. Second, it is important to note that Eversource Capital has four claims against Fimrite and the Fimrite Entities (fraud, conspiracy, unjust enrichment and breach of contract). Eversource alleges that it relied on statements from April 2015 to June 2016 (para. 39 of the Complaint). Thus, it's our position that this is the relevant time period for the fraud and conspiracy claims. That said, we are willing to provide some earlier created source documents related to some requests (as indicated below). Eversource's breach of contract/unjust enrichment allegations relate to loans in Oct. and Dec. 2015 and June 2016. As your client is well aware, $800,000 of the loan allegations was provided with regard to an airplane deal involving Ocean Sky Finance and EF Global Corp – not made to EFG for operational or similar purposes. The June 2016 loan alleges a repayment condition of "first available funds." That total repayment was for $310,000. Thus, on Plaintiff's theory, the only future funds EFG received relevant to Eversource's claims is $310,000 after June 2016 – not all income through the present. As indicated below, we are willing to provide general ledger income information through approximately October 2016, when that amount of income was received.

<u>Interrogatories</u>

1. We will provide a list of the companies involved in the case or found on the 2015 general ledger that Fimrite started, the state, and his roles. As for purpose of relationship of those companies with EFG, Plaintiff's other specific requests address that. The request for all entities since 1998 (irrespective of relationship to Plaintiff's claims) is overly broad and a fishing expedition.
4. Eversource does not make a royalty/securities claim in this case. It is an alleged creditor. Information relevant to the payments related to fraud/loan claims are in the 2015 general ledger provided and the relevant portions of the 2016 GL/income that we will supplement. A list of all outstanding royalties of EFG is not relevant.
5. We will provide a more detailed lists of capitalized assets, their manufacturers, and the date of acquisition – as best as can be determined.
6. We will supplement this response regarding the business purpose of transactions with the named entities in 2015 and 2016.
9. We stand on our objections.
11. During our call, you stated that Eversource did not rely on the $775,000 transaction in deciding to advance money to EFG. Thus, it would not make any element of any claim more or less likely. Nonetheless, we will supplement the responses with information regarding the transaction.
12. We will supplement this response.

14. We will supplement the prior information provided (2015 GL) with relevant information from the 2016 GL and a description of the business purpose for payments to the identified entities.
15. We will supplement the prior information provided (2015 GL) with relevant information from the 2016 GL and a description of the business purpose for payments to the identified entities.
16. We will supplement this response.
17. We will supplement.
19. Eversource does not make a royalty/securities claim in this case. It is an alleged creditor. Information relevant to the payments related to fraud/loan claims are in the general ledger provided. A list of all royalties sold by EFG is not relevant. We will supplement that "all royalty unit proceeds are used consistently with the use of proceeds description in the private placement memorandum" and refer you for the use of proceeds to the 2015 GL and relevant portions of 2016 GL that we will supplement.
20. We will supplement the prior information provided (2015 GL) with relevant information from the 2016 GL and a description of the business purpose for payments to the identified entities.
23. We will supplement this response.
26. We will supplement this response.

RFPs

1. We will supplement this response.
2. We have or will provide agreements related to Plaintiff's claims (airplane purchase documents, Edge Rubber documents and GL and balance sheets showing financial transactions during relevant time period). All agreements and "any written information" between all these parties is overly broad.
3. We have or will provide agreements related to Plaintiff's claims (airplane purchase documents, Edge Rubber documents and GL and balance sheets showing financial transactions during relevant time period). All agreements and "any written information" between all these parties is overly broad.
4. Relevant resumes and marketing biographies were produced in Mandatory Initial Disclosures and in Plaintiff's documents and complaint attachments. We will supplement if there are others in the relevant time period. Otherwise, we stand on our objections.
5. We will supplement with records reflecting the occurrence and length of telephonic board meetings and several board resolutions. I don't believe other responsive documents exist as to the board. As to the investor aspect, Defendants stand on their objections to the extent Plaintiff has not brought royalty claims. To the extent investor meetings included creditors in 2015-2016, any agendas or minutes will be produced.
6. We will supplement with production schedules for Jan/Feb 2016 (when production first started). To the extent any additional shipping and physical inventories exist for 2015 and 2016, they will be provided.
7. We will supplement with relevant portions of GL, balance sheets and income statements for 2016. Plaintiff already has GL and balance sheets (EFGLLC000214-268) and income statements (Ex. 9 to Complaint) for 2015.
9. To the extent they exist, we will supplement tax return documentation of the Fimrite Entities.

10. Beyond the GL information provided and that we'll supplement, I don't believe there are additional responsive documents.  We'll keep checking.
11. This may be answered by the supplemental response to Interrog. 6 and RFP 28 of asset lists and documentation.  Also, the Edge Rubber documents I'm producing provides valuation information of the assets.  Beyond that, we stand on our objection to the over breadth and burden.
12. We stand on our objections to this request.
14. We will supplement with relevant documents related to this bond effort.
15. We will supplement with relevant GL and bank records from October 2016.
16. We will supplement with relevant bank records from EFG America and D&H Sophie Brown for July through October 2016.  That would relate to the "first available funds" allegations.  We stand on our objections as to other bank records.
17. We stand on our objections for this request.
18. We will supplement shortly with documents and communications that we have.
20. We will supplement with the bagging system invoice.
23. You said in our call that you're looking for source documents related to the $775,000 acquisition costs.  We stand on our objection to this request, but will provide the interrogatory explanation for this entry as noted above.
25. We are supplementing with additional fixed asset documentation.

My supplementation will start tomorrow.  I have a couple of other pressing issues.

**Scot A. Hinshaw**
Attorney at Law



7150 Granite Circle
Suite 203
Toledo, Ohio 43617
Telephone: 419-517-9090
Direct: 419-517-9097
Facsimile: 419-517-9091

hinshaw@nwklaw.com
www.nwklaw.com

*Also admitted in Illinois and Michigan.

**IRS CIRCULAR 230 NOTICE:** We are required to advise you that any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of avoiding penalties imposed under federal tax law.

**CONFIDENTIALITY NOTICE:** This transmission is intended only for the addressee shown above. It may contain information that is privileged, confidential, or otherwise protected from disclosure. If you are not the intended recipient, please do not read, copy, or use it, and do not disclose it to others. Please notify the sender of the delivery error by replying to this message and then delete it from your system. Thank you.

Case 2:18-cv-02583-SMM     Document 198-24     Filed 12/20/19     Page 5 of 5