# EXHIBIT C

Scot A. Hinshaw (*pro hac vice*)
Niehaus Kalas Hinshaw Ltd.
7150 Granite Circle, Suite 203
Toledo, OH 43617
Phone: (419) 517-9090
Fax: (419) 517-9091
hinshaw@nkh.law

Christopher H. Bayley (010764)
Anthony King (027459)
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004-2202
Phone: 602.382.6214
cbayley@swlaw.com
aking@swlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eversource Capital, LP,<br><br>    Plaintiff,<br><br>v.<br><br>Douglas Elroy Fimrite, *et al.*,<br><br>    Defendants. | No. 2:18-cv-02583-SMM<br><br>**DEFENDANTS FIMRITE ENTITIES' RESPONSES TO PLAINTIFF'S FIFTH SET OF DISCOVERY REQUESTS** |

For their objections and responses to Plaintiff's Fifth Set of Discovery Requests to Defendants Fimrite Entities, Defendants D. Elroy Fimrite, EFG America, LLC, EFG Polymers, LLC, Enviropark Texas LLC, Tex-Gas Holdings, LLC, D&H Sophie Brown, LLC, Ocean Sky Finance, Texen Holdings, LLC, International Tejas, Gate Corporation, Carey Holdings, Ltd., and EF Global Corporation ("Fimrite Entities"), provide the following objections and responses set forth herein.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 44:** Provide a complete copy of unredacted monthly bank statements for the following entities from December 2012 through October

1  2016: Enviropark Texas LLC; D&H Sophie Brown, LLC; Texen Holdings, LLC;
2  International Tejas; Gate Corporation; Carey Holdings, Ltd.; and EF Global Corporation.
3  **RESPONSE:** Fimrite Entities object to this Request to the extent it is overly broad and
4  seeks information neither relevant nor proportional to the needs of the case given the lack
5  of importance of this discovery in resolving any of the issues. Further, Fimrite Entities
6  object to this Request to the extent it seeks irrelevant information about issues not the
7  subject of Plaintiff's causes of actions or Defendants' defenses. Specifically, Plaintiff had
8  no involvement in or interaction with any of the Fimrite Entities until April 2015. Fimrite
9  Entities further object to the extent this information is confidential and is an impermissible
10 fishing expedition into financial information by the affiliate of a competitor (i.e., Eversource
11 Global Technology, LLC), both of which are singularly managed by Ryan McHugh.
12 Plaintiff's lawsuit is not a license to engage in a general audit of Fimrite Entities' books and
13 records. Allowing Plaintiff full access to every entry in all bank records for this large time
14 period permits it to review the Defendant-competitors' business decisions, transactions and
15 strategies that it would otherwise not be able to determine and that will provide it with an
16 unfair competitive advantage. Subject to and without waiving the forgoing objections,
17 responsive documents related to the claims have been previously produced. Further
18 answering, Defendant Texen Holdings, LLC did not have a bank account from December
19 2012 through October 2016.

21 **REQUEST FOR PRODUCTION NO. 45:** Provide all closing documents, agreements
22 related to, and/or Documents evidencing consideration (including unredacted bank
23 statements evidencing the source of any funds used for the purchase and/or the deposit of
24 any proceeds of any sale) related to the purchase and/or sale of properties owned by EFG
25 America's "wholly owned subsidiaries Sailors Way, LLC and 7th Street Mesa, LLC" stated
26 on EFGLLC001170.
27 **RESPONSE:** Fimrite Entities object to this Request to the extent it is overly broad and
28 seeks information neither relevant nor proportional to the needs of the case given the lack

of importance of this discovery in resolving any of the issues. Further, Fimrite Entities object to this Request to the extent it seeks irrelevant information about issues not the subject of Plaintiff's causes of actions or Defendants' defenses. Specifically, there is no time limitation to the request and Plaintiff's alleged involvement with any of the Fimrite Entities was limited to April 2015 through October 2016, according to its own allegations. Fimrite Entities further object to the extent this information is confidential and is an impermissible fishing expedition into financial information by the affiliate of a competitor (i.e., Eversource Global Technology, LLC), both of which are singularly managed by Ryan McHugh. Specifically, Plaintiff is not permitted to "unredacted" bank records related to a limited request where other entries of the records are not related to the request and permit Plaintiff to review the Defendant-competitors' business decisions, transactions and strategies that it would otherwise not be able to determine and that will provide it with an unfair competitive advantage. Fimrite Entities further object to Plaintiff's definition of "Documents" as overly broad and burdensome. Fimrite Entities also object to the definition to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Finally, the Fimrite Entities object to the extent that the Court in this matter has previously ruled that financial documents related to nondefendants and/or nonparties in this action are not discoverable.

**REQUEST FOR PRODUCTION NO. 46:** Provide unredacted bank statements and other Documents reflecting the $400,000 "Deposit in Escrow-US Bank" shown on Document stamped EFGLLC000268.

**RESPONSE:** Fimrite Entities object to this Request to the extent Plaintiff's definition of "Documents" as overly broad and burdensome. Fimrite Entities also object to the definition to the extent it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Fimrite Entities do not have control over such bank account. Further answering, see EFGLLC000397-407.

**REQUEST FOR PRODUCTION NO. 47:** Provide unredacted monthly bank statements for Carey Holdings, Ltd. from October 2015 to present.

**RESPONSE:** Fimrite Entities object to this Request to the extent it is overly broad and seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Further, Fimrite Entities object to this Request to the extent it seeks irrelevant information about issues not the subject of Plaintiff's causes of actions or Defendants' defenses. Specifically, Plaintiff's request seeks all statements from October 2015 through December 2020. Yet, Plaintiff's alleged involvement with any of the Fimrite Entities was limited to April 2015 through October 2016, according to its own allegations. Fimrite Entities further object to the extent this information is confidential and is an impermissible fishing expedition into financial information by the affiliate of a competitor (i.e., Eversource Global Technology, LLC), both of which are singularly managed by Ryan McHugh. Specifically, Plaintiff should not be permitted to "unredacted" bank records where aspects of the financial records relate to non-parties to the action and potentially to a Defendant-competitors' business decisions, transactions and strategies that it would otherwise not be able to determine and that will provide it with an unfair competitive advantage.

**REQUEST FOR PRODUCTION NO. 48:** To the extent not already produced, provide unredacted monthly bank statements, general ledgers and financial statements from April 1, 2012 to present for EFG America, including any "proxy" accounts used by EFG America (including bank accounts in the name of D&H Sophie Brown, Texen Holdings, and International Tejas).

**RESPONSE:** Fimrite Entities object to this Request to the extent it is overly broad and seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Further, Fimrite Entities object to this Request to the extent it seeks irrelevant information about issues not the subject of Plaintiff's causes of actions or Defendants' defenses. Specifically, Plaintiff seeks

all bank records for eight years, but was only involved in or interacted with one or more of the Fimrite Entities from April 2015 and through October 2016, according to its allegations. Fimrite Entities further object to the extent this information is confidential and is an impermissible fishing expedition into financial information by the affiliate of a competitor (i.e., Eversource Global Technology, LLC), both of which are singularly managed by Ryan McHugh. Plaintiff's lawsuit is not a license to engage in a general audit of Fimrite Entities' books and records. Allowing Plaintiff full access to every entry in all bank records for this large time period permits it to review the Defendant-competitors' business decisions, transactions and strategies that it would otherwise not be able to determine and that will provide it with an unfair competitive advantage. Fimrite Entities further object to the request for all proxy accounts used by EFG America to the extent they do not involve any defendant or any issues that are the subject of the litigation. Subject to and without waiving the forgoing objections, the general ledger and financial statements of EFG for 2015 and relevant bank statements of EFG, D&H Sophie Brown and International Tejas have been previously produced. Further answering, Defendant Texen Holdings, LLC did not have a bank account from April 1, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 49:** Provide a complete copy of the unredacted monthly bank statements for EFG Polymers, LLC from October 2015 to present.

**RESPONSE:** Fimrite Entities object to this Request to the extent it is overly broad and seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Further, Fimrite Entities object to this Request to the extent it seeks irrelevant information about issues not the subject of Plaintiff's causes of actions or Defendants' defenses. Specifically, Plaintiff's request seeks all statements from October 2015 through December 2020. Yet, Plaintiff's alleged involvement with any of the Fimrite Entities was limited to April 2015 through October 2016, according to its own allegations. Fimrite Entities further object to the extent this information is confidential and is an impermissible fishing expedition into financial

information by the affiliate of a competitor (i.e., Eversource Global Technology, LLC), both of which are singularly managed by Ryan McHugh. Specifically, Plaintiff should not be permitted to "unredacted" bank records where aspects of the financial records relate to non-parties to the action and potentially to a Defendant-competitors' business decisions, transactions and strategies that it would otherwise not be able to determine and that will provide it with an unfair competitive advantage. Subject to and without waiving the forgoing objections, EFG Polymers did not have a bank account until December 2018, well outside the relevant time period.

## INTERROGATORIES

**INTERROGATORY NO. 40:** For each deposit, check paid, and/or withdrawal (whether ATM, debit card or electronic) reflected on documents stamped EFGLLC005026-5031, identify the source of funds for each deposit, the payee for each withdrawal, and the business purpose for each transaction.

**RESPONSE:** Fimrite Entities object to this Interrogatory to the extent it is overly broad and seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Further, Fimrite Entities object to this Request to the extent it seeks irrelevant information about issues not the subject of Plaintiff's causes of actions or Defendants' defenses. Specifically, Plaintiff's request seeks information about all transactions in an October 2016 bank statement. Yet, Plaintiff's allegations relate to alleged fraud regarding information provided to it in determining to lend to the company and related to alleged issued royalty units. Most of the transactions have nothing to do with Plaintiff's claims. Fimrite Entities further object to the extent this information is confidential and is an impermissible fishing expedition into financial information by the affiliate of a competitor (i.e., Eversource Global Technology, LLC), both of which are singularly managed by Ryan McHugh. Specifically, Plaintiff should not be permitted to information regarding income and spending where aspects of this financial record relates to non-parties to the action and potentially to a Defendant-

competitors' business decisions, transactions and strategies that it would otherwise not be able to determine and that will provide it with an unfair competitive advantage. Subject to and without waiving the forgoing objections, see the chart provided as Exhibit A hereto marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER with payee or source in bold and a business purpose column added.

NIEHAUS KALAS HINSHAW LTD

*/s/ Scot A. Hinshaw*
Scot A. Hinshaw (*pro hac vice*)
7150 Granite Circle, Suite 203
Toledo, Ohio 43617
Phone: (419) 517-9090
Fax: (419) 517-9091
hinshaw@nkh.law

**VERIFICATION**

I declare under penalty of perjury that the foregoing interrogatory response is true and correct. Executed on the __ day of December, 2020.

D. Elroy Fimrite, Director

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2020, a true and correct copy of Defendant Fimrite Entities' Responses to Plaintiff's Fifth Set of Discovery Requests was served via email upon the following:

John M. McHugh (*pro hac vice*)
REILLY LLP
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Phone: (303) 893-6100
Fax: (303) 893-6110
jmchugh@rplaw.com

*Attorney for Plaintiff Eversource Capital, LP*

                            */s/ Scot A. Hinshaw*
                            Scot A. Hinshaw (*pro hac vice*)
                            Niehaus Kalas Hinshaw Ltd.
                            Attorney for Defendants