# EXHIBIT D

John M. McHugh (*pro hac vice*)
REILLY LLP
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Phone: (303) 893-6100
Fax: (303) 893-6110
jmchugh@rplaw.com
Attorney for Plaintiff
Eversource Capital, LP

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eversource Capital, LP, an Idaho limited partnership<br><br>Plaintiff,<br>vs.<br><br>Douglas Elroy Fimrite, et al.<br><br>Defendants | Case No. 2:18-CV-02583-PHX-SMM<br><br>**PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS CAREY HOLDINGS, LTD., INTERNATIONAL TEJAS AND TEXEN HOLDINGS** |

   Under Fed. R. Civ. P. 33, 34 and 36, Plaintiff Eversource Capital, LP propounds the following discovery requests upon Defendants Carey Holdings, Ltd., International Tejas and Texen Holdings.

### DEFINITIONS

  1. "You" or "Your" means Carey Holdings, Ltd., International Tejas and/or Texen Holdings, and any and all agents, employees and representatives and any other person acting on behalf of You or on behalf of a company controlled by You.

  2. "Communication" and "Communicate" are used in their broadest sense and include, but are not limited to, any oral or written transmittal of information or request for information made from one Person to another, whether made in person, by telephone, by e-mail, or by any other means, or a Document made for the purpose of recording a transmittal, idea, statement, opinion, or belief.

**Error! Unknown document property name.**

3.      "ANY" includes the words "each" and "all" and vice versa.

4.      "AND" and "OR" are to be construed both conjunctively and disjunctively as necessary to make these requests inclusive rather than exclusive. The singular form of a noun or pronoun includes the plural form and vice versa.

5.      The term "PERSON(S)" shall mean, without limitation, ANY individual or natural person, corporation, partnership, limited partnership, joint venture, trade association, limited liability company OR ANY other type of business, legal entity or unincorporated association.

6.      "Relate to" or "Relating to" means to constitute, refer to, reflect, mention, evidence, list, show, concern, pertain to, summarize, discuss, analyze, or in any way logically or factually connect to the matter stated in the request.

7.      "Document" is used in the broadest extent permitted by Fed. R. Civ. P. 34(a)(1), and includes without limitation: all writings, correspondence, records, reports, memoranda, notes, contracts, agreements, statements, invoices, minutes, accounting and financial books, working papers, data or information stored on a computer or any computer disk or server, electronic communications, and other written, printed, stored, or recorded material or statements of any kind.  "Document" also includes all non-identical copies, such as those bearing marginal comments or other marks not present on the original Document.  Each such non-identical copy is to be considered and identified as a separate Document.  To the extent any Communication is reduced to writing or other recordation, it is expressly included within the definition of a "Document."

**GENERAL INSTRUCTIONS**

1.      Please state any objections to a request for production of Documents with specificity.

2.      In producing the Documents requested, please furnish all Documents in the possession, custody, or control of or accessible to You.  "Documents in the possession, custody, or control" include all Documents that You have access to through others from

whom You are entitled to receive the information, such as accountants, attorneys, consultants, partners, and those engaged in the joint enterprise or partnership.

3. In answering these discovery requests, please include the language of each request immediately prior to the answer given for that request. If any Document is produced in response to a request below, identify the Document(s) by Bates number in Your response to the request. If there are no Documents responsive to a particular request, please so state.

4. Produce all Documents as they are kept in the usual course of business or organize and label them to correspond with the requests for production.

5. If a Document was in Your possession, custody, or control and would be responsive to one of the below discovery requests but has been deleted or otherwise destroyed, please: (a) describe the Document; (b) state the date(s) on which such item was deleted and/or destroyed; (c) Identify the Person who deleted or destroyed the item; and (d) describe the means, manner, and/or action taken to delete or destroy the item. If any Document has been lost, has been transferred, or is missing, please explain the circumstances surrounding the disposition thereof and the date it occurred.

6. If You find the meaning of any term in these requests to be unclear, then You should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

7. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun and vice versa.

8. As used herein, the term "or" shall be understood to include "and" whenever such construction would make a phrase more, rather than less, inclusive, and vice versa.

9. Regardless of the tense employed, all verbs shall be read as applying to past, present, and future as is necessary to make any phrase more, rather than less, inclusive.

10. If all or any part of any request for production of Documents is objected to as seeking privileged information, for each such objection provide the following information:

  a. the nature of the privilege asserted;

  b. the type of Document or Communication (*e.g.*, letter, memorandum, notes of meeting, conversations, etc.) and its title (if any);

  c. the date said Document or Communication was created or occurred;

  d. the length of the Document (in pages);

  e. the author or speaker;

  f. the job title and business addresses of the author and all recipients; and

  g. the subject matter of the Document.

11. Where a requested Document contains allegedly privileged information, please produce those portions of the Document for which no privilege is claimed and specifically identify on each such Document where material has been deleted or redacted.

12. If you object to a request, state the basis for the objection with particularity. If you object to part of a request, specify the part to which you object and the basis for Your objection with particularity, and answer the unobjectionable part.

13. As used herein, the term "all" shall be understood to include "any" and vice versa whenever such construction would make a phrase more, rather than less, inclusive.

14. These discovery requests are continuing in nature and require supplemental answers in accordance with Fed. R. Civ. P. 26(e) in the event You or other persons acting on Your behalf become aware of additional information or Documents between the time Your answers are given and the time of trial that renders Your answers no longer correct, accurate, or complete.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each financial transaction between You and any other Defendant from January, 1, 2012 to the present identify: (1) the date of the transaction; (2) the parties to the transaction; (3) the amount of the transaction; (4) the purpose of the transaction; (5) any agreements related to the transaction; (6) any valuable consideration exchanged related to the transaction; and (7) if the transaction involved You receiving funds from any other defendants, for what purpose those funds were used by You.

**INTERROGATORY NO. 2:** List all YOUR officers, directors, owners, managers, and employees since January 1, 2012 to the present.

**INTERROGAOTRY NO. 3:** Describe the nature of your business since January 1, 2012 to the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Provide all agreements related to, any written information that details or shows, and any communications related to financial or business transactions between You and any other Defendant from January 1, 2012 to the present.

**REQUEST NO. 2:** Produce all bank statements for any bank account held or controlled by You between January 1, 2012 and the present.

**REQUEST NO. 3**: Provide all company origination documents, certifications of formation (or similar document filed with any state), by-laws, resolutions, and articles.

Dated this 11th day of September, 2020.

                Respectfully submitted,

                */s/ John M. McHugh*
                John M. McHugh (*pro hac vice*)
                REILLY LLP
                1700 Lincoln Street, Suite 2400
                Denver, CO 80203
                (303) 893-6100
                jmchugh@rplaw.com

                *Attorney for Plaintiff*
                *Eversource Capital, LP*

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, a true and correct copy of foregoing was served via email upon the following:

Anthony T. King
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004
aking@swlaw.com

Scot A. Hinshaw
Niehaus Kalas Hinshaw Ltd.
7150 Granite Circle, Suite 203
Toledo, OH 43617
hinshaw@nwklaw.com

*Attorneys for Defendants*

                                       */s/ John M. McHugh*
                                       John M. McHugh