# EXHIBIT F

1

2
John M. McHugh (*pro hac vice*)
REILLY POZNER LLP
1700 Lincoln Street, Suite 3400

3
Denver, CO 80203
Phone:  (303) 893-6100

4
Fax:  (303) 893-6110

5
jmchugh@rplaw.com
Attorney for Plaintiff

6
Eversource Capital, LP

7

8
**UNITED STATES DISTRICT COURT**

9
**FOR THE DISTRICT OF ARIZONA**

10
Eversource Capital, LP, an Idaho limited

11
partnership

Case No. 2:18-cv-02583-DJH

12
                              Plaintiff,

**PLAINTIFF'S FIRST SET OF**

13
        vs.

**INTERROGATORIES TO FIMRITE**
**ENTITIES**

14
Douglas Elroy Fimrite, et al.

15
                    Defendants

16
        Under Fed. R. Civ. P. 33 and 34, Plaintiff Eversource Capital, LP, propounds the

17
following first set of interrogatories upon Defendants the Fimrite Entities.

18
**DEFINITIONS**

19
        1.    **EFG America** means EFG America, LLC, its subsidiaries (including EFG

20
Polymers, LLC, Enviropark Texas LLC, Tex-Gas Holdings, LLC), its parent company

21
EF Global Corporation, and any and all agents, employees and representatives and any

22
other person acting on behalf of EFG America and/or its subsidiaries, including Douglas

23
Elroy Fimrite.

24
        2.    **Fimrite Entities** means Douglas Elroy Fimrite, EFG America, LLC, DFG

25
Global Ag, DRM Elastomers, LLC, Enviropark Texas, LLC, EF Global Corporation,

26
EFG Polymers, LLC; D&H Sophie Brown, LLC; Ocean Sky Finance, and Tex-Gas

27
Holdings, LLC and any and all agents, employees and representatives and any other

28
person acting on behalf of any of those entities.

1

2192816

## INSTRUCTIONS

1.     Please state any objections with specificity.

2.     In responding to these interrogatories, please set forth the text of the interrogatory immediately prior to the response given. Please answer separately and fully in writing and under oath.

3.     If you object to an interrogatory, state the basis for the objection with particularity. If you object to part of an interrogatory, specify the part to which you object and the basis for your objection with particularity, and answer the unobjectionable part.

4.     "Identify" when used in reference to a person means to state the person's name, present or last known address, employer or business affiliation, and telephone number.

5.     If you find the meaning of any term in these requests to be unclear, then you should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

6.     Each response must be as complete and straightforward as permitted by the information reasonably available to you, including information obtainable by your order or direction through your officers, agents, attorneys, accountants, representatives, assistants, and employees. However, if you cannot answer any request in full, please answer to the fullest extent possible, specifying the reason for the inability to answer the remainder..

7.     If you elect to specify or produce business records in answer to any interrogatory, then your specification shall be in sufficient detail to permit the interrogatory party to locate and identify, as readily as you can, the records from which your answer may be ascertained. Fed. R. Civ. P. 33(d).

8.     Regardless of the tense employed, all verbs shall be read as applying to past, present, and future as is necessary to make any phrase more, rather than less, inclusive.

2

2192816

9. As used herein, the term "or" shall be understood to include "and" whenever such a construction would make a phrase more, rather than less, inclusive, and vice versa.

10. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun and vice versa.

11. If a claim of privilege is made with respect to any meeting, communication, act, or document, state the bases for the privilege claimed and identify the document, and/or other communication or act that is claimed to be privileged. If any document is withheld under a claim of privilege, (1) identify the document, (2) give a general description of its subject matter, (3) identify the author by name and position, (4) identify all recipients by name and position, (5) state the date of the document, and (6) indicate the privilege you claim applies to the document (attorney-client, attorney work-product, etc.).

12. These discovery requests are continuing in nature and require supplemental answers in accordance with Fed. R. Civ. P. 26(e) in the event You or other persons acting on Your behalf become aware of additional information or Documents between the time Your answers are given and the time of trial that renders Your answers no longer correct, accurate, or complete.

## INTERROGATORIES

**INTERROGATORY NO. 1**: List every business entity, including foreign entities, formed by (in whole or in part) or at the direction (in whole or in part) of Douglas Elroy Fimrite since 1998 to the present including the entity's full name, the date of formation, the country, providence or state of formation, Douglas Elroy Fimrite's position or role in the entity and a brief description of the entity's purpose and any transactions it has with EFG America or EFG America's predecessor companies.

**INTERROGATORY NO. 2**. List the date that EFG America commenced commercial production of devulcanized rubber and explain your reasoning for your answer.

3

**INTERROGATORY NO. 3**.  List all dates upon which EFG America received any revenue or made a sale, describe the source of such revenue, and identify what account the funds were deposited into.

**INTERROGATORY NO. 4**:   Describe in a list all outstanding royalty units of EFG America including certificate number, issue date, type of unit (Series A vs Series B), number of units, face value, actual amount paid / invested, method of payment, account proceeds deposited into, minimum return on investment accrual by certificate from issue date to present, type of investor (entity / individual), and any royalty payment paid out from January 2012 to present.

**INTERROGATORY NO 5**:  Provide a list of all capitalized assets of EFG America and describe how EFG America acquired the capitalized asset, including the date of acquisition and method of payment or other consideration from April 1, 2012 to present.

**INTERROGATORY NO. 6**:   Provide a list of all loans, advances, and repayments between EFG America and the people set forth below including the date funds were loaned, advanced, or repaid, business purpose of transaction, whether there is a promissory note or documentation for repayment terms, what account the funds were deposited into and if there is any repayment schedule:

- Carl Buccellato
- Robert Havemen
- Fred Gruehl
- Chuck Niehaus
- DFG Global AG
- Ian Hadfield
- Doris Fimrite
- Douglas Fimrite
- Don Carroll
- Gate Corporation Limited

4

2192816

- Excel Fortress
- EF Global, Inc.
- D&H Sophie Brown
- Texen Holdings LLC
- Carey Holdings, Ltd.
- Ocean Sky Finance
- Environmental Packaging Technologies

**INTERROGATORY NO. 7**: Describe the business relationship between EFG America LLC and the following entities and individuals from April 1, 2012 to the present:

- Carl Buccellato
- Fred Gruehl
- Chuck Niehaus
- DFG Global AG
- Ian Hadfield
- Doris Fimrite
- Douglas Fimrite
- Don Carroll
- Gate Corporation Limited
- Excel Fortress
- EF Global, Inc.
- D&H Sophie Brown
- Texen Holdings LLC
- Carey Holdings, Ltd.
- Ocean Sky Finance

**INTERROGATORY NO 8.** Describe all business discussions Douglas Fimrite has had with Christina Zhang, including the dates of all meetings and the purpose of the discussion,

**INTERROGATORY No 9**: List all lawsuits any Fimrite Entity, in any capacity and on behalf of any company or entity, or any of the Fimrite Entities have been a party to, provide the name, date, jurisdiction and court case number.

5

2192816

**INTERROGATORY NO. 10**:  Provide the date in which EFG America, Excel Fortress or Gate Corporation was provided from Mr. Li the complete and full recipe, of the technology Excel Fortress allegedly licensed to EFG America including the formulas for the modifier, activator, catalyst and co-catalyst and any other such formula necessary to produce and perform the devulcanization of rubber, setting forth the specific piece that was provided and the date upon which the piece was provided by Mr. Li (for example, DATE –Modifier Formula received by Fimrite from Mr. Li).

**INTERROGATORY NO. 11**: Describe in detail the "Deposit - Acquisition" listed as an asset on the 2015 EFG Balance Sheet for $775,000.00.  Describe the due diligence performed by EFG prior to making each deposit, what the deposit is for, the relationship between EFG and the receiver, all of the advances and payments, and the business purpose of each deposit.

**INTERROGATORY NO. 12**:  Explain in detail how each of the Fimrite Entities were originally capitalized and identify subsequent capitalization and by whom.

**INTERROGATORY NO. 13**: Explain in detail Douglas Elroy Fimrite and EFG America, LLC's business relationship with Robert Haveman, Nutraspace, EDP Management Company,   and Environmental Packaging Technologies from April 1, 2012 to present.

**INTERROGATORY NO. 14**: Describe in a list, table, spreadsheet or otherwise all payments from EFG AMERICA, LLC directly to or to any entity for services provided by or reimbursement of expenses or loans of Douglas Fimrite, Doris Fimrite, Donald Carrol, Mark Boyd, Charles Niehaus and Niehaus and Associates, including date, payee name, business purpose, invoice number, description of transaction or services rendered, amount, and method of payment.

2192816

**INTERROGATORY NO. 15**:  Identify any payment or transfer of value to or from EFG America LLC to or from a Fimrite Entity, Doris Fimrite, Gate Corporation, or Excel Fortress from April 2012 to present.  For each payment or transfer, identify the date of such payment or transfer, the amount paid or transferred, the recipient of the payment or transfer, and the purpose of the payment or transfer.

**INTERROGATORY NO. 16:**  List all of the bank account numbers for the Fimrite Entities and identify the owner of each bank account.

**INTERROGATORY NO. 17:**  List the ownership of each of the Fimrite Entities.

**INTERROGATORY NO. 18:**  Describe in detail the conversations and relationship between EFG America and Jason Meyer as it relates to the Edge Rubber financing the nature of the $40,000 paid to Meyer including what services were provided for the payment.

**INTERROGATORY NO. 19:**  Describe in a list, table, or spreadsheet each royalty unit sold by EFG America and identify how the proceeds of each unit were utilized according to the "Used of Proceeds" identified in EFG's Private Placement Memorandum. For proceeds utilized for purpose other than described in the Private Placement Memorandum, provide a detailed description of what the funds were used for and who authorized the use of funds in a manner other than set forth in the Private Placement Memorandum.  For example:

| Date | Royalty # | Proceeds | Settlement of Debt | Production Line | Working Capital | Other | Description |
|------|-----------|----------|--------------------|-----------------|-----------------|-------|-------------|
|      |           |          |                    |                 |                 |       |             |
| 5-1-16 | A-XXX | $50,000 |                 |                 |                 | $50,000 | xxxxx |

7

**INTERROGATORY NO. 20:**  Describe in a list, table, or spreadsheet all advances of funds from EFG America to D&H Sophie Brown, Texen Holdings, LLC, and Carey Holdings, Ltd. including the business purpose of each advance of funds.

**INTERROGATORY NO. 21:** Describe the educational background of Douglas Elroy Fimrite and describe and degrees earned and provide institutions and dates of graduation.

**INTERROGATORY NO 22:**  Describe the function of the Board of Directors for EFG America, how often do they meet, what authority they have over the operations of EFG America and the decisions of Douglas Fimrite.

**INTERROGATORY NO 23:**  If EFG America has not filed any Federal or State Income Tax Returns for the years 2012 to the present, explain the basis for that failure. If EFG has filed any Federal or State Income Tax Returns please state so affirmatively and list the states in which it has filed.

**INTERROGATORY NO 24:**  Explain the reasons provided to EFG America by Nexus Investment Corporation for not funding the purchase of Edge Rubber after Nexus provided a commitment of funds letter to the bankruptcy court.  Identify the date that EFG America first began remitting document to Nexus for the consideration of funding and describe the due diligences process of EFG America by Nexus.

**INTERROGATORY NO 25:**  Explain Douglas Fimrite's history with the Bay City Texas plant and who owns, or has owned, the Bay City, Texas plant currently occupied by EFG America / Enviropark Texas from April 2012 to present.

**INTERROGATORY NO 26**:  Provide the names or contact information of all of the people referred to in the July 2015 Investor Update (Exhibit 3 of the Complaint) who were providing the "working capital to bridge," the "industry professionals" consulted

8

2192816

1  regarding palletization of the product, the name of the customer for "our material

2  produced from 'Old Activator/Modifier'", all names of the lenders or financers including

3  the specific business name and contact person for all "Debt Financing for the $20 MM"

4  in Option 2 as well as the "Bond Financing" in Option 3.

5      Dated this 12th day of December, 2018.

6

7                          Respectfully submitted,

8                              */s/ John M. McHugh*

9                          John M. McHugh (*pro hac vice*)
                           REILLY POZNER LLP
10                         1700 Lincoln Street, Suite 3400
                           Denver, CO 80203
11                         (303) 893-6100
12                         jmchugh@rplaw.com

13                         *Attorney for Plaintiff*
14                         *Eversource Capital, LP*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

2192816

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2018, a true and correct copy of Plaintiffs'

First Interrogatories was served via email upon the following:

    Christopher H. Bayley
    Anthony T. King
    Snell & Wilmer L.L.P.
    One Arizona Center
    400 E. Van Buren Street
    Phoenix, AZ 85004
    cbayley@swlaw.com
    aking@swlaw.com

    Scot A. Hinshaw
    Niehaus Kalas Hinshaw Ltd.
    7150 Granite Circle, Suite 203
    Toledo, OH 43617
    hinshaw@nwklaw.com

    *Attorneys for Defendants*

                    /s/ John M. McHugh
                    John M. McHugh

10

2192816