# EXHIBIT M

Scot A. Hinshaw (*pro hac vice*)
Niehaus Kalas Hinshaw Ltd.
7150 Granite Circle, Suite 203
Toledo, OH 43617
Phone: (419) 517-9090
Fax: (419) 517-9091
hinshaw@nwklaw.com

Christopher H. Bayley (010764)
Anthony King (027459)
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004-2202
Phone: 602.382.6214
cbayley@swlaw.com
aking@swlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eversource Capital, LP,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Douglas Elroy Fimrite, *et al.*,<br><br>　　　　Defendants. | No. 2:18-cv-02583-SMM<br><br>**DEFENDANT GATE CORPORATION LIMITED'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS** |

For its objections and responses to Plaintiff's First Discovery Requests to Defendant Gate Corporation Limited, Defendant Gate Corporation Limited ("Defendant Gate") provides the following objections and responses set forth herein.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSIONS NO. 1:** Admit that you never transferred $8,499,145 in cash on October 7, 2015 to EF Global Corporation.

**RESPONSE**: Admitted. Denied Gate ever represented that it did so.

**REQUEST FOR ADMISSIONS NO. 2:** Admit that you never transferred $1,808,602 in cash on July 1, 2016 to EF Global Corporation.

**RESPONSE**: Admitted. Denied Gate ever represented that it did so.

**REQUEST FOR ADMISSIONS NO. 3:** Admit that you never transferred $5,063,952 in cash on July 1, 2017 to EF Global Corporation.

**RESPONSE**: Admitted. Denied Gate ever represented that it did so.

**REQUEST FOR ADMISSIONS NO. 4:** Admit that you never transferred $3,316,804 in cash in 2018 to EF Global Corporation.

**RESPONSE**: Admitted. Denied Gate ever represented that it did so.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each financial transaction between You and any other Defendant from January, 1, 2012 to the present identify: (1) the date of the transaction; (2) the parties to the transaction; (3) the amount of the transaction; (4) the purpose of the transaction; (5) any agreements related to the transaction; (6) any valuable consideration exchanged related to the transaction; (7) if the transaction involved You receiving funds from any other defendants, for what purpose those funds were used by You; and (8) if the transaction involved You paying funds to any other defendants, the source of such funds.

**RESPONSE**: Defendant Gate objects to this Interrogatory to the extent it seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Defendant Gate also objects to this Interrogatory to the extent it is overly broad in time, scope and subject matter and is unduly burdensome. Specifically, information about all of Defendant Gate's financial transactions with all defendants from January 2012 to the present (a span of over 8 years) is not relevant to Plaintiff's claims alleged around events occurring in 2015 and 2016 with regard to the alleged fraud, conspiracy, unjust enrichment, breach of contract or racketeering. Defendant

Gate also objects to this Interrogatory because the requested information is confidential and proprietary to Gate. Subject to and without waiving the foregoing objections, Defendant Gate responds that as the parent corporation of and technology licensor to EF Global Corporation and EFG, Gate has had numerous financial transactions with the parties. Defendant Gate further responds that responsive financial transaction information has previously been provided in EFG's 2015 general ledger at EFGLLC002599-EFGLLC002684, EF Global Corporations tax returns at EFGLLC000299-349 and EFGLLC002897-2955 and Defendant Gate's technology sublicense at EFGLLC002111-2132.

**INTERROGATORY NO. 2:** Identify all U.S. income You have received and to which country it was reported.

**RESPONSE**: Defendant Gate objects to this Interrogatory to the extent it seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Defendant Gate also objects to this Interrogatory to the extent it is overly broad in time, scope and subject matter and is unduly burdensome. Specifically, information about all of Defendant Gate's United States income for all of time without limitation to how it was made or from whom it was paid is well beyond Plaintiff's claims of alleged fraud, conspiracy, unjust enrichment, breach of contract or racketeering and the defenses in the action. As with other responses, Defendant Gate will provide information related to the U.S. income it received in 2015 and 2016, the time period of the events alleged against Defendant Gate in Plaintiff's Second Amended Complaint. Defendant Gate also objects to this Interrogatory because the requested information is confidential and proprietary to Gate. Subject to and without waiving the foregoing objections, Defendant Gate responds that it is a Hong Kong registered company and does not carry out business in the United States. The company files tax returns in compliance with the Hong Kong taxing authorities.

1  **INTERROGATORY NO. 3:** Identify by position all Your executives, officers, managers, and directors.

**RESPONSE**: Defendant Gate objects to this Interrogatory to the extent it seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Defendant Gate also objects to this Interrogatory to the extent it is overly broad in time, scope and subject matter and is unduly burdensome. Specifically, the identity of all of Defendant Gates officers from the beginning of time until now is not relevant to Plaintiff's claims alleged around events occurring in 2015 and 2016 with regard to the alleged fraud, conspiracy, unjust enrichment, breach of contract or racketeering. Subject to and without waiving the foregoing objections, Defendant Gate's current officers and directors are D. Elroy Fimrite (President, Chief Executive Officer and Director), John Martin (Director) and Paul Heffner (Director).

**INTERROGATORY NO. 4:** If Your response to RFA No. 1 is anything but an unqualified admission, state all facts and identify all documents relevant to any partial or complete denial.

**RESPONSE**: Not applicable.

**INTERROGATORY NO. 5**: Describe the nature of Your business since January 1, 2012 to the present.

**RESPONSE**: Defendant Gate objects to this Interrogatory to the extent it seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Defendant Gate also objects to this Interrogatory to the extent it is overly broad in time, scope and subject matter and is unduly burdensome. Specifically, information about Defendant Gate's business from January 2012 to the present (a span of over 8 years) is not relevant to Plaintiff's claims alleged around events occurring in 2015 and 2016 with regard to the alleged fraud, conspiracy, unjust enrichment, breach of contract or racketeering. Subject to and without waiving the

foregoing objections, Defendant Gate is a Hong Kong company that wholly owns Defendant EF Global Corporation. It is an international technology licensing and commercialization entity with involvement and focus in Asia, the Middle East and North America. Defendant Gate is the global licensee of certain rubber devulcanization technology owned and/or licensed by Excel Fortress Limited (a Hong Kong entity) and (pursuant to Defendant Gate's rights in relation thereto) is a licensor of such technology to Defendants EFG and to EF Global Corporation in North America.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Provide all agreements related to, any written information (including proof of transfers) that details or shows and any communications related to financial or business transactions between You and any other Defendant.

**RESPONSE**: Defendant Gate objects to this Request to the extent it seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Defendant Gate also objects to this Request to the extent it is overly broad in time, scope and subject matter and is unduly burdensome. Specifically, "any communications" and "any written information…that details or shows" information about all of Defendant Gate's financial transactions with all defendants for all of time is not relevant to Plaintiff's claims alleged around events occurring in 2015 and 2016 with regard to the alleged fraud, conspiracy, unjust enrichment, breach of contract or racketeering. Defendant Gate also objects to this Request because the requested information is confidential and proprietary to Gate. Additionally, Defendant Gate objects to the extent this Request seeks documents protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving the foregoing objections, Defendant Gate identifies EFG's 2015 general ledger previously provided at EFGLLC000025-109 and EFGLLC002599-2684, EF Global Corporations tax returns at EFGLLC000299-349 and EFGLLC002897-2955, and Defendant Gate's technology sublicense at EFGLLC002111-2132.

**REQUEST NO. 2:** Produce all bank statements for any bank account held or controlled by You between January 1, 2012 and the present.

**RESPONSE**: Defendant Gate objects to this Request to the extent it seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Defendant Gate also objects to this Request to the extent it is overly broad in time, scope and subject matter and is unduly burdensome. Specifically, "all bank statements" from January 2012 to the present (a span of over 8 years) of Gate are not relevant to Plaintiff's claims alleged around events occurring in 2015 and 2016 with regard to the alleged fraud, conspiracy, unjust enrichment, breach of contract or racketeering. Defendant Gate also objects to this Request because the requested information is confidential and proprietary to Gate.

**REQUEST NO. 3:** Produce all agreements between You and any party concerning rubber devulcanization technology.

**RESPONSE**: Defendant Gate objects to this Request to the extent it seeks information neither relevant nor proportional to the needs of the case given the lack of importance of this discovery in resolving any of the issues. Defendant Gate also objects to this Request to the extent it is overly broad in time, scope and subject matter and is unduly burdensome. Specifically, "all agreements" with anyone for all of time is not relevant to Plaintiff's claims alleged around events occurring in 2015 and 2016 with regard to the alleged fraud, conspiracy, unjust enrichment, breach of contract or racketeering. Defendant Gate also objects to the extent the word "party" is vague and ambiguous. This word is unclear whether it refers to a party to the lawsuit or any other entity whatsoever. Defendant Gate also objects to this Request because the requested information is confidential and proprietary to Gate. Subject to and without waiving the foregoing objections, Defendant Gate identifies its technology license with Excel Fortress Limited at EFGLLC002327-2337 and Defendant

1  Gate's technology sublicense at EFGLLC002111-2132. No other agreements concerning
2  rubber devulcanization technology between Defendant Gate and any party exists.

4  **REQUEST NO. 4:** Produce all records, including bank statements, and wires, of any
5  payments made by You to Excel Fortress, Ltd.

6  **RESPONSE**: Defendant Gate objects to this Request to the extent it seeks information
7  neither relevant nor proportional to the needs of the case given the lack of importance of
8  this discovery in resolving any of the issues. Defendant Gate also objects to this Request to
9  the extent it is overly broad in time, scope and subject matter and is unduly burdensome.
10 Specifically, "all records" of payments made to Excel Fortress, Ltd. for all of time are not
11 relevant to Plaintiff's claims alleged around events occurring in 2015 and 2016 with regard
12 to the alleged fraud, conspiracy, unjust enrichment, breach of contract or racketeering.
13 Defendant Gate also objects to this Request because the requested information is
14 confidential and proprietary to Gate. Moreover, Excel Fortress is not a party to this lawsuit.
15 Plaintiff provides no explanation how this is related to any claim or defense.

NIEHAUS KALAS HINSHAW LTD

*/s/ Scot A. Hinshaw*
Scot A. Hinshaw (*pro hac vice*)
7150 Granite Circle, Suite 203
Toledo, Ohio 43617
Phone: (419) 517-9090
Fax: (419) 517-9091
hinshaw@nwklaw.com

- 7 -

## **VERIFICATION**

I declare under penalty of perjury that the foregoing interrogatory responses are true and correct. Executed on the 19 day of October, 2020.

_____
D. Elroy Fimrite, Director

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2020, a true and correct copy of Defendant Gate Corporation Limited's Responses to Plaintiff First Discovery Requests was served via email upon the following:

John M. McHugh (*pro hac vice*)
REILLY LLP
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Phone: (303) 893-6100
Fax: (303) 893-6110
jmchugh@rplaw.com

*Attorney for Plaintiff Eversource Capital, LP*

                       */s/ Scot A. Hinshaw*
                       Scot A. Hinshaw (*pro hac vice*)
                       Niehaus Kalas Hinshaw Ltd.
                       Attorney for Defendants